# CASES DETERMINED

IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT THE JUNE TERM THEREOF, HELD AT WHEELING, IN
THE COUNTY OF OHIO, COMMENCING ON THE SECOND
DAY OF JUNE, 1880, AND ENDING ON THE
THIRTIETH DAY OF JUNE, 1880.

McCoy *v.* Allen *et al.*

(Absent, Moore, Judge.)

Decided, June 30, 1880.

1880
June Term.

McCoy
v.
Allen *et al.*

1. Upon a bill in chancery against one defendant, on her filing an an
swer and stating facts which show that a third party ought to have
been made a defendant, the court simply orders this third person to
be made a defendant, process issues against him and is served
upon him; but the original bill was not amended, and in it there
were no allegations against this person, and no relief was prayed
against him; evidence is taken to prove the facts alleged in the
answer, which show the interest in the suit of this third person

and a commissioner of the court reports the facts to the court, after he had served a notice on this third person that the matter was before him and he would report thereon; this third person never appeared in the suit. HELD:

The court had no jurisdiction over him, and could in such a case render no decree against him, and if it did so, such decree was a mere nullity.

2. If such decree was final, it could be reversed on a bill of review or by an Appellate Court on appeal.

3. If a creditor files a bill to subject the real estate of a debtor to a judgment lien, and in his bill fails to state that there is any other lien on this real estate, or to ask the auditing of other liens, and makes only the debtor a party defendant, though the court in such case by its decree directs a commissioner to ascertain all liens and their priorities, still the court can not, upon the report of the commissioner that a prior deed of trust had been satisfied, decree that the debt secured by it has been paid, and order its release. Such a decree of the court is a mere nullity, and not binding on the trustee or *cestui que trust*, because they were not parties to the suit; nor does such order of reference or an actual service of notice by the commissioner on the *cestui que trust* make him a party, or render such a decree valid as against him.

Appeal from and *supersedeas* to two decrees of the municipal court of Wheeling, rendered, the one on the 30th day of January, 1875, and the other on the 1st day of January, 1878, in a cause in chancery in said court then pending, wherein Catherine McCoy was plaintiff, and Cornelia E. Allen and others were defendants, allowed upon the petition of Robert W. Cox.

Hon. Gibson L. Cranmer, judge of the municipal court of Wheeling, rendered the decrees appealed from.

GREEN, PRESIDENT, furnishes the following statement of the case:

In 1874 Catharine McCoy brought a suit in chancery in the municipal court of Wheeling against Cornelia E. Allen and her husband, to enforce against certain real estate in Wheeling, owned by her as her separate estate, the lien of a judgment of the county court of Ohio county, obtained against her by the plaintiff, while she was *feme sole*. The bill was not in form or substance a cred-

itors' bill; and it did not allege that there were any other liens on this real estate. It made no one but Cornelia E. Allen and her husband defendants, and prayed that this real estate might be sold to satisfy the plaintiff's judgment, and for general relief.

Cornelia E. Allen filed her answer, admitting the allegations in the bill, and claiming she was entitled to certain credits on this judgment, the amount of which she did not know. She states that this real estate was conveyed to her by her father for her sole and separate use on March 1, 1873; that when so conveyed there was an old deed of trust upon it, executed by her father September 17, 1841, to Zachariah Jacobs, trustee, to secure certain debts then due to Michael Cresap;—that these debts had been long since paid; that the creditor, Michael Cresap, had died, and Robert W. Cox was his administrator; that this old deed of trust had never been released; that in 1874 she had sold this property for $1,475.00, out of which she intended to pay the balance which might be due on plaintiff's judgment; but the purchaser declined to complete the sale, unless this old deed of trust was released; and said Robert W. Cox, as administrator of Michael Cresap, unreasonably refused to execute any release, and she was unable to complete the sale, whereby she sustained much loss, including the costs of this suit, which but for his unreasonable refusal would not have been brought. She prays he may be made a defendant to this suit; that the cause may be referred to a commissioner to ascertain the liens on this real estate, their amounts and priorities; and that said administrator be required to pay the costs of this suit, and release this old deed of trust.

On the filing of this answer the court on her motion ordered him to be made a defendant, and that process issue against him; and it was at the same time decreed, that this cause be referred to a commissioner to ascertain the credits on plaintiff's judgment and the liens on this real estate and their priorities and amount. Process was

issued and served on Robert W. Cox, administrator of Michael Cresap, to answer the bill in which he was not named or alluded to in any manner. No amended bill was ever filed. He did not appear in answer to this summons; and Cornelia E. Allen filed at rules, what she calls, a cross-bill, making the same allegations as were made in her answer, and concluding with a like prayer. No process was issued nor was served on Robert W. Cox, administrator of Michael Cresap, to answer this cross-bill, as it was called. Shortly afterwards Cornelia E. Allen filed an amended answer, stating that she had sold this real estate at a sacrifice of $50.00, as compared with the first sale, and had paid off the balance due on the plaintiff's judgment and the costs of this suit. In the meantime the commissioner had made his report, stating what was the balance due on the plaintiff's judgment; that the debt secured by said deed of trust had been satisfied, and that Cox's wrongful refusal to release this deed of trust had necessitated this suit and had caused the costs thereof to be unnecessarily increased. Notice that the commissioner would execute the order of reference was duly served on Cox, who paid no attention thereto, and a deposition was taken by defendant, Cornelia E. Allen, to sustain the views which the commissioner adopted.

On January 30, 1875, the court entered a final decree in the cause, as follows :

"This cause came on this day to be further heard upon the papers formerly read, and the report of L. S. Jordan, one of the commissioners of this court, which having remained in the office of said commissioner for a period of ten days after the same was completed, and having remained in the clerk's office of this court for a period of twenty days after the same was filed, and no exceptions having been taken to said report, it is considered by the court that the same be and is hereby confirmed and approved. And it appearing from said report that there is no lien upon the property mentioned and described in

the bill and cross-bill filed in this cause by virtue of the deed of trust made by Matthias Jeffers to Zachariah Jacobs, dated the 17th day of September, 1841, securing to Michael Cresap certain debts therein specified ; and it fully appearing to the court that all debts so secured by said deed of trust have been fully and lawfully discharged; and it further appearing to the court that the said Michael Cresap is deceased, and that the defendant, Robert W. Cox, is his administrator ; and it further appearing that the said Robert W. Cox refused to make any specific claim under said deed of trust, and has steadily refused to release the same ; and it further appearing to the court, that in consequence of said Cox's refusal to so release said deed of trust, the complainant in the cross-bill filed herein has been subjected to a loss of $75.00 on the price realized from the property described in the bill—the defendant, Cornelia E. Allen, having since the institution of this suit sold said property for the sum of $1,400 00 —and has been subjected to the costs of the original suit herein, amounting to $48.10, as taxed by the clerk of this court; and it appearing that the action of the said Robert W. Cox in the premises has been arbitrary and without authority of law, upon consideration whereof it is by the court adjudged, ordered and decreed, that the said Cornelia E. Allen recover from the defendant, Robert W. Cox, the sum of $123.10, the aggregate of the said loss of $75.00 hereinbefore mentioned, and $48.10, the costs aforesaid, with interest thereon until paid, as well as the costs by the said Cornelia E. Allen in the cross-bill and proceedings thereon expended.

" And it is further adjudged, ordered and decreed that execution do issue against the said Robert W. Cox for the above amount and costs, including $10.00 to R. G. Barr, the same as upon a judgment at law for executing and recording the release hereinafter provided for. And it appearing, that since the said commissioner's report was filed, that said property has been sold by the said Cornelia E. Allen, and the judgment-lien of the said

Catharine McCoy, with costs of suit, has been paid off and discharged, it is ordered, with consent of said complainant, that this suit as to said complainant be dismissed.

" And it is further adjudged, ordered and decreed, that R. G. Barr, who is hereby appointed a special commissioner for that purpose, do execute and place on record a release of the deed of trust made by Matthias Jeffers to. Zachariah Jacobs to secure Michael Cresap of certain debts therein specified, which deed of trust is dated September 17, 1841, and now of record in the clerk's office of Ohio county court, in deed-book number twenty-five, page 257; but this release is only to be made as to the part of said lot lately owned by Cornelia E. Allen."

On May 6, 1876, Robert W. Cox filed a bill of review of said decree, in which he set forth all the proceedings in the cause, as hereinbefore stated, and assigns fifteen grounds why this final decree should be set aside and reversed, none of which in the view taken by this Court it is necessary to notice, except one, that the plaintiff in this bill of review was not a party to the original suit, and therefore the court could not render any decree either against him or affecting his rights. The bill alleges, that an execution had been issued against the plaintiff in the bill of review, and levied by the sheriff on his property; and it makes all the parties to the original bill and the sheriff defendants, and prays for an injunction to prohibit the sale by the sheriff of the plaintiff's property. This injunction was granted.

On June 24, 1876, the court ordered the suit to be abated as to Catharine McCoy, and decreed that she recover against the plaintiff in the bill of review her costs, though she had never entered an appearance. Cornelia E. Allen demurred to this bill of review, and on January 21, 1878, the court sustained this demurrer, dissolved the injunction and dismissed the bill, and decreed that she recover her costs against the plaintiff in the bill of review.

1880
June Term.
————
McCoy
v.
Allen *et al.*
Robert W. Cox obtained an appeal and *supersedeas* to these decrees of January 30, 1875 and January 21, 1878.

*Ewing & Riley*, for. appellant, cited the following authorities :

11 W. Va. 342; Id. 217; 14 W. Va. 738 ; 12 W. Va. 350 ; 6 Call 47; 1 H. & M. 13 ; 2 Munf. 305 ; 2 H. & M. 543 ; 4 H. & M. 242 ; 5 Call 98; 2 Rob. (old) Pr. 414, 417; Story Eq. Pl. (ed. 1870), § 407 n. 1, § 634 n. 4.

*R. G. Barr*, for appellee, cited the following authorities :

8 W. Va. 174 ; 2 Dan. Chy. Pr. 1576 and cases cited; 33 Me. 521; 23 Gratt. 406 ; 21 Gratt. 35 ; 4 Gratt. 93 ; 1 Dan. Chy. Pr. 294 ; 7 Gratt. 300 ; Code ch. 131, § 20; Id. ch. 125, § 35 ; 14 W. Va. 738 ; 3 Gratt. 522 ; 2 Dan. Chy. Pr. 1080, 1081.

GREEN, PRESIDENT, delivered the opinion of the Court.

Syllabus 1. The first enquiry presented by this record is: Was Robert W. Cox, the appellant, a party to the original cause? He certainly was not made a party by the original bill, but by the first decree in the cause on the defendant's motion "he was made a party defendant, and it was ordered that process issue against him." And process was issued against him, and was duly served on him, to answer the bill. In the language of the court in *Mosely* v. *Coche*, 7 Leigh 226, slightly modified, "He was not named in the bill; there is no allegation anywhere in it which bears upon, or in any manner refers to him, nor is any decree prayed against him, or in the usual language praying against confederates. It is a distinct charge against another person ; and it prays distinctly and simply a decree against her land. He therefore seems to me not to be a defendant in any proper sense of the term. No process is prayed against him by the

bill; and there being no charge against him, and no decree against him or in reference to him prayed for, he had nothing to defend. If the bill had been treated by the court as confessed, it would not alter the case, as nothing was charged against him, nothing could be confessed, and nothing could be decreed against him. In short, a decree against one not named in the bill, and in no wise comprehended in its general allegations, is a nullity. He is not bound by it, and has therefore no no necessity to contest it or answer it. If the court had not ordered the process to be served on him, the plaintiff might have been subjected to an action for vexing him by the service, when he was in fact not a party defendant. He could not, as required by the summons, file an answer when nothing was demanded of him by the bill he was to answer. It is a solecism to speak of his answering a bill in which he is not named, and in which he does not by inference appear to have any interest or concern."

In that case not only was the subpœna served on this defendant, but the conditional decree was also served on him, yet he was regarded for the reasons above stated no party to the suit, and any decree against him was held by the Court of Appeals of Virginia to be a mere nullity. This case was cited approvingly by this Court in *Newman* v. *Mollohan*, 10 W. Va. 503. We cannot presume that one, who does not appear to have been a party, had his day in court. *Ford* v. *Doyle* 37 Cal. 346.

But it is suggested that the first decree in the cause, by ordering a commissioner to "ascertain what liens were on the property mentioned in the bill, with their priorities and respective amounts," made the bill a creditors' bill; and as Robert W. Cox, administrator of Michael Cresap, had a lien on this property, it made him and his trustee, Zachariah Jacobs, plaintiffs or *quasi* parties to this cause. It is true a judgment-creditor occupying the position of the plaintiff in this cause may make certain other judgment-creditors *quasi* parties plaintiff

with him by suing on behalf of himself and all other judgment-creditors, when the bill states the facts necessary to be stated in a creditors' bill, that is, the existence of these other judgment-creditors, though their names be unknown, and by praying that they may by order of publication be convened, and their judgments ascertained and audited. If the bill be of this character, though not a formal creditors' bill, that is, though the plaintiff has failed in the bill formally to state that he sues on behalf of himself and all other judgment-creditors; still if this appears by the frame of the bill, a decree, directing all judgment-creditors to be convened before a commissioner by order of publication, and their debts to be audited, would make such a bill a creditors' bill and would make all other judgment-creditors *quasi* parties to the suit. See *Dunson's adm'r* v. *Alsop et al.* 27 Gratt. 229. But neither the bill in this case nor the decree is of this character; and, even if they had been, the decree directing all liens to be audited could not make any one but judgment-creditors like the plaintiff *quasi* parties plaintiff. It could not make a trustee, who held the legal title to the land, a party, nor the *cestui que trust* in a deed of trust. Only the undefined class of judgment-creditors holding liens similar to the plaintiff can be made in such a case *quasi* parties to the cause. If the trustee holding the legal title to the land and his *cestui que trust* are not made formally defendants, they can not by any such decree be made *quasi* parties, and can not be bound by any decree of the court. See *Neely* v. *Jones et al. infra* 625.

Robert W. Cox, administrator of Michael Cresap, was not in this case a judgment-creditor. His trustee, Zachariah Jacobs, held the legal title to the bond sought to be subjected; and the court could render no decree affecting his rights, unless they had been made formally defendants; and no publication made by a commissioner calling on lienors to present their claims, or service of notice by him on them, could have made them *quasi* par-

ties to the suit, so that their rights would be affected by a decree of the court.

We need not enquire whether the defendant, Cornelia E. Allen, had a right to file such a bill as she did file, calling it a cross-bill. She seems herself to have abandoned it, as she never had any process issued upon it, or served on the defendants.

When the decree therefore of January 30, 1875, was entered, Robert W. Cox, the appellant, was not a party to this cause, either in his individual capacity, nor as administrator of Michael Cresap; and the court had no authority to render any decree against him, even if the commissioner's report or depositions in the cause had shown that he had so demeaned himself, that in a proper suit he might be liable to have a judgment or decree against him. It is therefore unnecessary to consider the various assignments of error in the bill of review and in the petition for an appeal, which are based on the assertion, that on the commissioner's report and facts proven in this case substantial justice was violated by rendering a decree against the appellant, in ordering a release of his deed of trust and in adjudging his debt to be satisfied. None of these questions were properly before the court or could properly have been decided by it; for the court had no right to bind him, as administrator of Michael Cresap, by its adjudication that the debts secured by the deed of trust to Michael Cresap had been discharged, or to order any release of this deed of trust to be executed. Yet all this was done by this decree of that date. The whole of this decree therefore is a mere nullity, except that part of it which dismissed the suit as to the complainant with her consent.

When then the execution was issued on this decree, Robert W. Cox, instead of filing a bill of review and obtaining an injunction, might have moved to quash the execution, as based on a decree which was a nullity; and it would have been the duty of the court to have quashed it. If the special commissioner, R. G. Barr,

had executed a release of this deed of trust, such release would have been entirely inoperative, because the decree authorizing it was a nullity. But though it was unnecessary for the appellant to seek to have this decree reversed on a bill of review, or by appeal to this court, yet he had a right to have it reviewed or reversed in either of these ways. See Powell on Appellate Proceedings, pp. 264, 265; *Monroe et al.* v. *Bartlett et al.*, 6 W. Va. 444; *Johnson* v. *Young, Carson & Bryant*, 11 W. Va. 683-684, These two cases were appeals to this court from decrees, which were nullities for want of jurisdiction by the court or judge rendering them. But if the decree was a final decree, as in the case before us, and the proceedings on their face show, as they do, that the party complaining in the bill of review was no party to the suit, then the decree would be based on an error of law, and he would have a right to have the decree reversed on a bill of review. For all the authorities agree, that one of the causes, for which a bill of review will lie, is error of law in a final decree on the face of the proceedings. See *Bowyer* v. *Lewis*, 1 H. & M. 554; *Nichols* v. *Heirs of Nichols*, 8. W. Va. 183.

In the cases of *Monroe et al.* v. *Bartlett et al.*, 6 W. Va. 441, and in *Johnson* v. *Young, Carson and Bryant*, 11 W. Va. 683, 684, this court held, "that they would not dismiss the appeal, because the decrees were void, but would take jurisdiction of the cause and decrees so far, and so far only, as to reverse the decrees and remand the cause to the circuit court to be further proceeded with." But in those cases, where the judge or court rendered its decree, it had no authority to render any decree at all; and this court could only set aside the decrees thus rendered without authority, and remand the cause to the proper court to be proceeded with. To have gone further, would have been to exercise original jurisdiction by this court. But in the case before us the court below, when it rendered the decree of January 30, 1875, complained of, had a right to render a decree be-

tween the parties to said suit, and so far as it did this, it did not exceed its authority, but it erred in going further and rendering a decree against a person who was no party to the cause. This must be reversed and annulled; and the decree between the parties, which the court had a right to render, must be approved, if right, and corrected, if wrong.

This portion of the decree is to some extent erroneous. It dismisses the bill as to the complainant, with her consent; but as the whole object of the suit had been affected, it would have been more proper to have dismissed the bill absolutely. The decree or order of June 24, 1876, ought not to have been entered. It abated the bill of review as to Catharine McCoy, and decreed that she should recover her costs against the plaintiff in the bill of review. She had never appeared in this suit, and had incurred no costs, and was besides a proper party to the bill of review, being the plaintiff in the original suit.

We are therefore of opinion, that the decrees in the cause of *Cox* v. *Allen et al.*, rendered on June 24, 1876, and on January 21, 1878, should be reversed, set aside and annulled, and that the appellant, Robert W. Cox, should recover of the appellee, Cornelia E. Allen, his costs expended in this court, and this Court should then render such decree as the court below should have rendered on this bill of review, that is, overrule the demurrer, and decree that the plaintiff in the bill of review recover of the defendant, Cornelia E. Allen, his costs expended in the said municipal court of Wheeling, and reverse the decree rendered in the original suit on January 30, 1875, and with the consent of Catharine McCoy, she having been paid her debt and all costs, the said original bill should be dismissed, it being unnecessary to direct an answer to be filed, as all the facts are matters of record in the original suit.

JUDGES HAYMOND AND JOHNSON CONCURRED.

DECREE REVERSED.