# CHARLESTON.

## KANAWHA VALLEY BANK v. WILSON.

Submitted February 9, 1891.—Decided March 11, 1891.

1. APPEAL—STATUTE OF LIMITATIONS.
    Under the third section of chapter 135 of the Code an appeal from a final decree entered by the Circuit Court must be prosecuted within two years after the same has been rendered, and the currency of this statute of limitation is arrested by the filing of the petition.

2. BILL OF REVIEW.
    One of the essential qualifications necessary to a bill in chancery is that it should, either in the caption or in the body of the bill, name some person or persons as parties defendant, and describe them as having some interest in the subject-matter of the suit, and pray for some relief against them; and these requisites are as essential to the bill of review as to an original

bill, and without them a paper purporting to be a bill of review should be dismissed on demurrer, or stricken from the files on motion.

3. BILL OF REVIEW—STATUTE OF LIMITATIONS.

The filing of any such abortive bill of review could not have the effect of arresting the statute of limitations, so as to extend the period within which an appeal might have been taken from the final decree, the review and reversal of which were attempted by such abortive bill.

*Watts & Ashby* and *O. Johnson* for appellants.

*Watts & Ashby* cited 29 W. Va. 655, 657; 24 W. Va. 702; 25 W. Va. 242, 253, 257; Code, c. 104, s. 14; 27 W. Va. 58, 67, 68; 24 W. Va. 360; 17 W. Va. 313; 6 W. Va. 417.

*J. F. Brown, Flournoy & Price* and *H. D. Shrewsbury* for appellee, Blaine.

*Flournoy & Price* cited 25 W. Va. 609; 20 Gratt. 484; 29 W. Va. 659; 33 W. Va. 152; 27 W. Va. 778; 19 W. Va. 172; 8 Pet. 262; 12 W. Va. 371; 13 Pet. 6; 25 W. Va. 208; 22 W. Va. 570.

LUCAS, PRESIDENT:

This case came before this Court upon a motion to dismiss the appeal as improvidently awarded. In connection with this motion, the case was brought on and heard on the merits of the appeal. If, however, we should be of opinion that the appeal to the final decree, complained of was not taken within the period prescribed by law, it would not only be unnecessary, but improper, to discuss the case upon its merits, since the Court being without jurisdiction, such a discussion would be gratuitous and could lead to no profitable results. The final decree complained of by the appellants was entered on the 11th day of July, 1888, by the Circuit Court of Kanawha county in a chancery suit in which the Kanawha Valley Bank was plaintiff and the present appellants, A. H. Wilson and Mary E. Wilson, his wife, were with others defendants.

The third section of chapter 135 of the Code provides as follows: "No petition shall be presented for an appeal

from or writ of error or *supersedeas* to any judgment, decree or order, whether the State be a party thereto or not, nor to any judgment of a Circuit Court or Municipal Court rendered in an appeal from the judgment of a justice, which shall have been rendered or made more than five years before such petition is presented, if the judgment, decree, or order mentioned in the petition has been given, rendered, or made before this chapter, as amended, takes effect, but as to any judgment, decree or order given, rendered, or made after this chapter as amended takes effect, no such petition shall be presented after two years from the date of such judgment, decree, or order."

It will be perceived, therefore, that with reference to final decrees rendered since the date of the above enactment any appeal therefrom must be prosecuted within two years after the same has been entered, and that the currency of the limitation of time is arrested by the filing of the petition.

In the present case, as we have seen, the final decree complained of was entered on the 11th of July, 1888, and the appeal was allowed by a judge of this Court in vacation on the 27th of September, 1890, at or about which time it is fair to presume the petition was presented. The statutory period, therefore, having expired before the presentation of the petition, the appeal must be dismissed as improvidently awarded.

But it is contended that a bill of review was filed by leave of court in the Circuit Court on the 3rd day of May, 1889, and that the same was dismissed on demurrer by a final decree rendered June 28th, 1890. It is supposed that the filing and pendency of this "bill of review," as it is called, had some efficacy to suspend the statute of limitation which we have been considering. The first requisite of every bill in chancery, whether original or by way of supplement or review, is that there shall be parties thereto made such by proper description and name. The form of such a bill as laid down in skeleton in our Code is as follows : "The bill of complaint of A. B. (state the names of all the plaintiffs) against C. D. (state the names of all the defendants, if known, and, if not, designate them as the unknown parties or unknown heirs *etc.*, as the case may be) filed in the Circuit

Court of ——— county. The plaintiff complains and says that (here state all the facts constituting a claim to relief.) The said plaintiff therefore prays that (here state the particular relief desired.) He also asks such other and general relief as the court may see fit to grant."

It will be perceived that the briefest and most modernized form of a bill requires parties defendant to be set out in the body of the bill as those having an interest in the subject-matter, and against whom relief is prayed. A bill of review is no exception to this general rule. "Such a bill," says Judge CABELL in *Laidley* v. *Merrifield*, 7 Leigh, 346, "is a proceeding to correct a final decree in the same court for error apparent on the face of the decree, or on account of new evidence discovered since the final decree. The decree being final, the bill of review is not regarded as a part of the cause in which the decree was rendered." "Such a bill," says Mr. Barton, "can not be filed by persons who can not be benefited by the reversal or modification of the former decree; but the general rule is that all the parties to the original bill shall be made parties to the bill of review." Bart. Ch. Pr. § 64, p. 205. To the same effect, see Daniell, Ch'y 1579.

In the bill which we are now considering, purporting to be a bill of review there are no parties defendant named in the caption, nor anywhere named or described in the body of the bill. It follows, therefore, in accordance with the principles laid down in *McCoy* v. *Allen*, 16 W. Va. 724, that whatever statements may be contained in the bill, or however meritorious a cause it may present, no possible relief can be obtained against any one whatever. The defendants never having been summoned or served with any process appeared for no other purpose than to demur to the bill, which was equivalent to a motion to have it stricken from the file. See Daniell, Ch'y Pr. 1578. The demurrer was sustained by the Circuit Court, and for the reasons stated we think there was no error in such judgment by the Circuit Court.

It is hardly necessary to say that the erroneous filing of such abortive instrument, improperly called a "bill of review," could not in any manner suspend the currency of

the statute of limitations, which carried the final decree of July 11, 1888, beyond the reach of appeal at the time when the appellants filed their petition.

For these reasons we find no error in the decree of the Circuit Court of June 28, 1890, and the same must be affirmed, and this appeal, so far as allowed to the decree of July 11, 1888, must be dismissed as improvidently awarded.

AFFIRMED.