# CHARLESTON.

## Cook v. Dorsey.

Submitted June 8, 1893.—Decided November 11, 1893.

1. BILL IN CHANCERY—PLEADING.

   A bill in equity may in form, as to parties, follow the chancery practice used before the enactment of Section 37, c. 125, Code, or the form prescribed by that section, but it must follow one or the other.

2. BILL IN CHANCERY—PLEADING—PARTIES.

   If the statutory form be used, persons named in the caption as plaintiff and defendant are such merely because there named as such; but, if the statutory form be not used, the bill must formally or in some plain, distinct way make parties plaintiff and defendant; otherwise, it is fatally defective, and a decree upon it would be null.

3. BILL IN CHANCERY—PLEADING—PARTIES—APPEAL.

   Such a defect in the bill, for want of parties to it, can be taken advantage of, without demurrer, on the hearing or on appeal, unless expressly waived in the lower court.

4. DECREE—APPEAL.

   A decree, though null, may be reversed on appeal.

5. DEMURRER—PLEADING.

   A demurrer need not specify causes of demurrer. The general form prescribed by section 28, c. 125, Code, is sufficient.

6. DEMURRER—PLEADING.

   A demurrer may be incorporated in the answer.

7. DEMURRER—PLEADING.

   Special demurrers are abolished by section 28, c. 125, Code.

8. DEMURRER—PLEADING.

Section 29, c. 125, Code, does not require causes of demurrer to be specified in a written demurrer; but if none are assigned, it gives court right to ask an assignment of causes *ore tenus* or written, or, on overruling the demurrer, to state that none were assigned.

JOHN J. JACOB, for appellant cited 2 Bart. Ch'y § 333; 12 Gratt. 410; 23 W. Va. 197; Code, c. 135, s. 37; 8 W. Va. 135, Syll. 8; 7 Leigh 226; 18 W. Va. 195, Syll. 5; 6 W. Va. 181; Code, c. 125, s. 30; 18 W. Va. 185.

J. L. PARKINSON and EWING, MELVIN & RILEY, for appellee cited 2 Redf. Wills, 556, 7; 35 W. Va. 458; 23 W. Va. 767; 6 Rand. 587; 17 Gratt. 268; 23 Gratt. 62, 94.

BRANNON, JUDGE:

Suit in equity by Cook against Dorsey and others, decree therein, and appeal by Dorsey. Dorsey filed a written demurrer, and it was overruled.

The appellant contends, among other points, that the bill made no parties plaintiff or defendant, and that there was error in overruling his demurrer and decreeing relief upon such a bill.

A plaintiff in equity may adopt for his bill the form prescribed by the general chancery practice, or that prescribed by section 37, c. 125, Code, as this statute ought to be construed as cumulative, intended to give an additional, simpler form, and not to destroy a form of bill good before the statute; but he must conform to one or the other. By equity practice (outside this statute) the bill contained formal parts, one being for the name of the complainant, and it is essential that the complainant be here named. Bart. Ch. Pr. 258; Sand. Eq. 18; Daniell, Ch'y Pr. 357; Story, Eq. Pl. § 26. It also contained a part for the prayer that process issue against the defendant to answer. Here, strictly speaking, the defendant must be named, as it was a rule, commonly received as a test, that no one could be considered a defendant against whom, as one here named, process was not prayed. Story, Eq. Pl. § 44. "They only are parties defendant against whom process is prayed, or who are specifically named and described as defendants." 1 Daniell, Ch'y Pr. 287, and note 4.

But as, under the Virginia practice, process issued, not under the prayer, but before the bill was filed, and as section 5, c. 170, Code, 1849, required summons to issue to begin a suit, the presence of this part of a bill and the naming a person as a defendant in it, were not a test of whether he was a defendant; yet certain it is that somewhere or in some way in the bill he must be made a defendant distinctly and clearly by language not simply mentioning him in narration of facts, but as a person to be acted upon by decree, so as to make it a finality for and against him as an estoppel. Sand. Eq. 32. A prayer, not that process issue, but that certain persons be treated as defendants and required to answer the bill, would certainly make them defendants. The bill in Virginia practice contained a part specially designed for naming defendants, and required them to be there named, and the prayer for process was that the defendants above named answer. Bart. Ch. Pr. 263.

If the Code form of bill be adopted, plaintiffs and defendants should be named in the caption, which makes them such without prayer for process, or prayer that they be treated as such. In some clear and sufficient way a bill must have parties plaintiff and defendant. A decree can go only on matters properly stated by allegation in the bill, and for or against parties made parties as to such matters by the bill; otherwise, it is no bill.

In *Houston* v. *McCluney*, 8 W. Va., 135, it was held, that, when the name of the plaintiff is not stated in the bill, as required by chancery practice before the Code, or as authorized by the Code, the bill is bad on demurrer. So it must be as to a defendant.

The case of *Bank* v. *Wilson*, 35 W. Va. 36 (13 S. E. Rep. 58) is very pointed authority to sustain our holding in this case. No matter that the process names certain parties as defendants. The bill must have parties, for it is the basis, on which the structure of the suit rests, and on which the matters of the suit become *res judicatæ*. A person may be named in and served with process, yet he is not a party unless named in the bill; and not only named in it, but there must be allegations relating to him showing why he is a party, what matters touch and concern him, involved and to be

decreed upon in the suit. *Chapman* v. *Railroad Co.,* 18 W. Va. 184; *Moseley* v. *Cocke*, 7 Leigh, 224; *McCoy* v. *Allen*, 16 W. Va. 724; *McNutt* v. *Trogden*, 29 W. Va. 471 (2 S. E. Rep. 328); *Spaffer* v. *Fetty*, 30 W. Va. 248 (4 S. E. Rep. 278); *Bland* v. *Stewart*, 35 W. Va 513 (14 S. E. Rep. 215). And though a man be named in the bill simply in narration of its facts, and it contain matter touching him, and he be made a party in the process, yet, if he be not made a party to the bill, the bill would be bad, and the decree null. In other words, he must be a party to the process, a party to the bill, and the bill must allege matter touching him so far as it seeks to affect him. The observance of these fundamental rules is all important in practice, as departure from them renders the decree not only erroneous, but generally void, as inspection of cases above cited will show. Though a decree be void, not simply erroneous, it may be reversed on appeal. *McCoy* v. *Allen*, 16 W. Va. 734, and cases cited.

This bill has no caption naming parties, and can not be treated as filed under the Code provision. First, does the bill name a "complainant" or "orator," as he was called in equity practice, before the Code provision called him as in common-law actions "plaintiff?" By great liberality perhaps we may answer that the bill has a plaintiff. It begins, "Humbly complaining, your orator shows," not naming the orator; but the name of William F. Cook by an attorney is signed at the end, and we may say that Cook is the orator. By technical practice he could not be so considered.

Does the bill name a defendant? There is no show of any portion of the bill stating names of defendants, nor of a prayer that process issue against any one, nor that any one be treated as a defendant, nor that any one be required to answer or be decreed to do anything. There is not even a hint, I may say, that of the eight persons besides the plaintiff named in the bill in the course of its narration any one or all are to be held as defendants, except that in mentioning Dorsey the language is in two instances "the defendant Thomas J. Dorsey." Suppose we were to strain a point to say that made him a defendant; are the others defendants? Which ones—all, or only certain ones? Two deeds of

trust were given to secure debts on the land sought to be sold under one of them. The trustees are named in the bill, but only in describing the deeds, not as defendants. The purchaser would get no title unless they be made parties. The bill purports to be filed by one unnamed orator, and in its prayer asks relief for an oratrix. If not an inadvertance, who is she? This bill is plainly insufficient and uncertain. To sustain it we must go beyond reasonable liberality and ignore rules of equity well settled, and which ought to be observed.

It is contended in argument, that the demurrer is defective in not assigning causes of demurrer. Under equity practice outside statute a demurrer must assign cause. "A demurrer will not be good if it merely says generally, that the defendant demurs to the bill. It must express some cause of demurrer either general or specific." 1 Daniell, Ch'y Pr. 586; Story, Eq. Pl. 457; Bart. Ch'y Pr. 1174. But likely, as stated in Story, Eq. Pl. § 455, when the dumurrer was general, for want of equity in the bill, it need only say that there is no equity in the bill, and only where it is special, directed to defects of form. Section 28, c. 125 Code providing the form of a demurrer has been construed as abolishing special demurrers and the necessity of giving causes of demurrer. Bart. Ch'y Pr. 347; *Smith* v. *Lloyd*, 16 Gratt. 310; *Dunn* v. *Dunn*, 26 Gratt. 291; *Jones* v. *Clark*, 25 Gratt. 642 (Syllabus, p't 9); *Stewart* v. *Jackson*, 8 W. Va. 29. These cases apply this statute to chancery cases, as I think it ought to be notwithstanding its language. The case of *Stewart* v. *Jackson*, 8 W. Va. 29, justifies the practice of simply noting a demurrer in the order-book. The answer may contain a demurrer, in the language of section 28, c. 125, Code, in which case it ought to be headed, "The demurrer and answer of." This is so, as a defendant may plead law and fact at the same time under statute; and the cases of *Dunn* v. *Dunn*, *supra*, and *Bassett* v. *Cunningham*, 7 Leigh, 402, are authority here. Bart. Ch'y Pr. 385.

While it might be thought that the provision in Code, s. 29, c. 125, requiring: "if nothing be alleged by the demurrant in support of his demurrer, the court, if it overrule the same, shall state that fact in the order," the judgment

shall not be reversed for that cause, requires the demurrer to specify a cause, it does not so require; for that provision, if as a remedial provision it be applied to chancery suits, necessarily presupposes that the written demurrer has not specified causes; and, besides, there is section 28, which authorizes such a general demurrer. The provision is probably intended to give the court right to ask a specification of grounds of demurrer *ore tenus,* or simply state the fact on record that no ground of demurrer was assigned.

But, even without a demurrer, the bill is so defective, that its infirmity could have been used to prevent a decree on a hearing, or to reverse the decree on appeal. Bart. Ch'y Pr. 226, 349; *Proctor* v. *Hill,* 10 W. Va. 60; *McCoy* v. *Allen,* 16 W. Va. 724.

As the necessary parties are not before the court, we will not consider other questions, but will simply reverse the decree, and remand the cause with leave to file an amended bill. *McCoy* v. *Allen,* 16 W. Va. 734.