G. F. HIBNER *v.* A. C. BELCHER *et al.*

(No. 7924)

Submitted September 25, 1934. Decided October 2, 1934.

*W. W. Smith,* for plaintiff in error.

HATCHER, JUDGE:

A. C. Belcher and Guy Escue (partners) obtained before a justice a judgment of $60.22 against E. W. Hibner. A suggestion was issued thereon against J. S. Billups and Noah Wellman, Jr., (partners) who owed Hibner approximately $150.00. Hibner's wife, Mrs. G. F. Hibner, claiming the property in the hands of the suggestees, submitted her claim to another justice, who rendered a judgment in her favor. Belcher and Escue appealed her case to the common pleas court, where E. W. Hibner. was found to be the owner. The court ordered the suggestees to pay to Belcher and Escue the original judgment, and their costs before the first justice. It was further adjudged that service of an attested copy of the order upon the suggestees would be sufficient warrant for them to make the payments therein required.

No process having been issued, Hibner filed with the clerk a verified list of personal property, which included the debt due him from Billups and Wellman and which

amounted in all to $180.00. He served a copy of the list on the suggestees. They refused to pay Belcher and Escue because of the exemption claimed by Hibner, and Belcher and Escue filed a petition in the *G. F. Hibner suit* asking that payment be required. E. W. Hibner intervened by petition and asked that the suggestees be allowed to pay him. Thereupon, the court (as the order recites) after considering the exemption list and the petition of Hibner denied him and ordered the suggestees to pay to Belcher and Escue their judgment of $60.22, to pay the court costs in the G. F. Hibner suit, and to pay the costs in both suits before the justices—the payments totalling $149.36. Hibner then filed an amended property list before the court, but the court refused to exempt it and ordered payment as before. A writ of error to the last order was allowed. Hibner. Belcher and Escue have not appeared in this Court.

The petition of Mrs. Hibner to try the right of property states that she proceeded under Code 1931, 50-10-2. Assuming (without deciding) that she was authorized to proceed under that statute, then upon the hearing the justice was limited to *a dismissal of the claim, or an order requiring delivery of the property to the claimant, as the right should appear.* Upon appeal, the court had no greater supervision than the justice. Therefore, the order of the court upon the trial of Mrs. Hibner's claim should have gone no further than to dismiss it, and award costs against her.

The court should not have entertained either the petition of Belcher and Escue or that of E. W. Hibner. The Constitution, Article VI, section 48, in guaranteeing the right of exemption, provides that the right shall be "subject to such regulations as shall be prescribed by law." Code 1931, 38-8, regulates the exercise of that right. The statutory regulations have been held to be exclusive. *Taylor* v. *Belville,* 70 W. Va. 484, 74 S. E. 517. Under those regulations, the debtor shall deliver "to the officer holding the execution or other process" a verified list of his personal property, and if no appraisement is demanded, the property, not in excess of $200.00, "shall be set

apart to the debtor as exempt." See sections 3, 6 and 7. If an appraisement is demanded, sections 4 and 5 specify the procedure. The appraisement does not affect the right of exemption. Within the constitutional limit of $200.00 and under the statutory regulations, that right is absolute. Therefore, the order of the court, purporting to deny Hibner that right, is void.

The courts are not in entire accord on the right of appeal from a void judgment. 3 C. J., subject Appeal and Error, section 123. In this jurisdiction we have followed the majority rule and upheld the right. *McCoy* v. *Allen,* 16 W. Va. 724; *Cook* v. *Dorsey,* 38 W. Va. 196, 18 S. E. 468. We are supported generally by the writers on appellate procedure. Powell, Appellate Proceedings, pp. 264-5, says that reversal of void judgments upon appeal is "the better way, as being more direct and positive." Elliot, Appellate Procedure, section 110, says, "It is a sacrifice of substance to a barren technicality to hold, as some courts do, that no (appellate) relief can be had against a void judgment."

We have not felt it necessary to go into the precise costs chargeable to Mr. and Mrs. Hibner, respectively. The effect of the judgment below is to make its enforcement conflict with Hibner's constitutional guaranty. It is, therefore, reviewable without regard to the amount in controversy. *Underwood Co.* v. *Piggott,* 60 W. Va. 532, 55 S. E. 664.

The judgment is accordingly reversed, and the several petitions of Belcher and Escue and of E. W. Hibner are dismissed.

*Judgment reversed; petitions dismissed.*