W. O. MORRIS *et al. v.* LEWIS OTTO GATES *et al.*

(No. 9235)

Submitted February 10, 1942.  Decided April 7, 1942.

G. G. *Duff,* for appellants.
G. D. *Herold,* for appellees.

KENNA, JUDGE:

This proceeding to subject a tract of land to a vendor's lien is here from the Circuit Court of Nicholas County upon the petition of Lewis Otto Gates, Mildred Gates and Donald Dean Gates, an infant, alleging that the trial court erred in entering a decree of sale on the twenty-

fifth day of February, 1941, and a supplementary decree of sale at a special term on the nineteenth day of May, 1941. There are seven specified grounds of error assigned by petitioner, five of which relate to both decrees, one to the decree of May 19, 1941, based upon the fact that that decree was entered improperly at a special term, and the last and seventh ground of assigned error, being that the trial court erroneously overruled the defendant's motion to reverse and correct the two decrees under Code, 58-2-5, 6.

We will later discuss both the two last mentioned grounds and the remaining five specific points of error, the latter of which may be briefly stated as follows: That it was error (a) to enter a personal decree against the defendants for the amount secured by the vendor's lien, and, in addition, in favor of certain judgment creditors for the amount secured by their judgment without the taking of proof; (b) in entering two decrees when only one cause of equitable relief was alleged; (c) in declining to permit the defendant, Lewis Otto Gates, to file a special plea setting up the fact that he had formerly been adjudicated a bankrupt; (d) in permitting an amended bill to be filed bringing in new parties and setting up an additional cause of relief without remanding the cause to rules and without the issuance of further process; and (e) in ordering the land to be sold to satisfy the lien of a judgment to which it was subject without proof that the rents, issues and profits of the land in the aggregate over a period of five years would be insufficient to satisfy the judgment lien.

However, the first thing that arrests attention in examining this record is the fact that the bill of complaint does not purport to have been signed. To the right of its concluding paragraph, there are three dotted lines followed by the words "By Counsel," under which and to the left there appears another dotted line under which is the word "Counsel." There is no introductory heading by the clerk of the circuit court to identify this paper as the bill of complaint, and no certificate follows, excepting the final and general certification of the entire record. In the

printed record no notation upon the bill's back is shown, but it is to be supposed that it was noted upon the bill of complaint in some manner that the cause was regularly matured at rules. The amended bill of complaint, which does not refer to the original bill for the purpose of making it or any part thereof a part of, or including it in, the amended bill of complaint, is embraced within the record with a similar setting, the only noticeable difference being that the amended bill is signed by the complainants and their attorney. The petition of the judgment lien creditors against the respondents, treating Lewis Otto Gates as a judgment debtor, is filed by an order entered February 25, 1941, which states that petitioners appeared and being content to waive process upon what amounted to their own complaint against the respondents, they also waived the "maturity of suit." This order proceeds to fix the amounts due and owing under both the vendor's lien and the judgment set up in the petition, orders the respondents to pay complainants that amount within thirty days of the rising of the court, and otherwise orders the land to be sold. This order also appoints a guardian *ad litem* for the infant defendant and files the unsigned, but properly verified, guardian *ad litem's* answer. This decree of sale was not executed, evidently for the reason that it failed to prescribe the terms of sale, and another order of similar effect, except that it did order the land to be sold for cash in hand on the day of sale, was entered at a special term on May 19, 1941. Both of the decrees of sale order the land to be sold to satisfy the amount of the vendor's lien, and also to satisfy the amount of the judgment lien.

The respondents served notice upon the plaintiffs and petitioners that they would on the second day of June, 1941, move the Judge of the Circuit Court to set aside and annul the decree of sale entered on the twenty-fifth day of February, 1941. This notice was executed on the twenty-seventh day of May, evidently without the realization that the order of sale of May nineteenth had been entered. A quite lengthy petition appears in the record,

evidently drawn for the purpose of accompanying this notice.

There is a similar notice returnable June 11, 1941, and served on the plaintiffs and petitioners on June sixth stating that Lewis Otto Gates intends to tender his plea alleging his previous bankruptcy. The verified plea is also printed in the record.

The record contains testimony given by Lewis Otto Gates as well as certified copies of orders entered in the United States District Court for the Southern District of West Virginia.

A third notice, returnable on the seventeenth day of June, 1941, and attacking both of the decrees of sale, was served upon the plaintiffs, and according to the showing of record, in support thereof a written motion of Lewis Otto Gates was apparently filed.

The circuit judge decided against the defendants in all of their exercises, and this Court granted defendants an appeal and supersedeas covering the assignments of error, but not including the fact that the proceeding is based entirely upon an unsigned bill of complaint. However, the question thus arising being jurisdictional, we think it cannot, with propriety, be ignored. See *Dawson* v. *Dawson,* 123 W. Va. 380, 15 S. E. 2d 156, and cases there cited.

It is understandably gratifying to be able to state that after exhaustive research, we have been unable to locate a decided case or a text treatment dealing with an unverified bill of complaint not signed in the name of either the complainant nor his counsel, and yet, without either waiver or estoppel, being treated as a sufficient basis for a decree. It is to be borne in mind, of course, that in this matter the defendants had not appeared, had not answered nor filed a pleading of any sort prior to the entry of the decrees assailed. In fact, the only appearances by them follow the decrees of sale and could be described as special appearances of protest.

We believe it is unnecessary to cite authority to sustain the well settled general rule that courts and parties alike are not required to act upon pleadings the responsibility

for which cannot be determined, and the further fact that affirmative pleadings, such as a bill of complaint, contain binding allegations usable against the same parties in any subsequent litigation between them and, according to some cases, by parties unknown to the proceeding in which they are entered. As we view this record, the unsigned form of a bill of complaint would not, accompanied by neither waiver nor estoppel, be sufficient to bind anyone, and therefore could not properly be regarded as an appearance.

The appellees take the position that this defect is cured by the filing of the amended bill of complaint upon which both of the decrees of sale are predicated. This contention might be maintainable if the amended bill of complaint had contained the allegations of the original bill or had included them by reference, and had been properly matured or substantive appearances entered of record. But none of these situations being shown by this record, the amended bill of complaint simply alleging the judgment lien owned by Herold & Herold and making no reference to the original bill of complaint, save to allege that it was filed and taken for confessed, we find nothing in this record that we believe supplied what we regard as a missing element of a chancery cause, the absence of which deprives the conduct of that cause, requiring a bill of complaint for its support, of all foundation. *Cook* v. *Dorsey,* 38 W. Va. 196, 18 S. E. 468.

Believing that the Circuit Court of Nicholas County had nothing before it upon which to rest the exercise of its jurisdiction, we are of the opinion that the subsequent assignments of error are not reached and cannot, therefore, be treated as a part of the basis of decision, but possibly should be briefly discussed.

As to assignment (a), we are under the impression that the lack of proof upon which a decree is entered must affirmatively appear, and that in this proceeding the recital that facts appeared to the court after evidence taken is sufficient.

Assignment (b) we think is not well founded, due to the

fact that it plainly appears that the decree of May nineteenth was simply a supplementary decree to the one entered February twenty-fifth. It could have been made by recital much more clear, but we do not believe it possible that the amounts ordered paid under the order of May nineteenth could be regarded as separate, distinct and additional to those of the order of February twenty-fifth.

As to assignment (c), neither the decree of February twenty-fifth nor the order which followed on May nineteenth should have been according to the allegations of the bill of complaint, a personal decretal judgment against Mildred Gates nor Donald Dean Gates, neither of whom was personally obligated to pay the sum secured by the vendor's lien. Both orders were orders of sale, and as such, should have adjudicated that there was due and owing from the purchaser only to the complainants a named amount. It would seem that in a vendor's lien proceeding as a part of the decree of sale a personal decretal judgment for the full purchase money unpaid may be rendered as against the purchaser, but that under usual circumstances execution thereunder should be withheld until after sale and application of the proceeds. *Carskadon* v. *Minke*, 26 W. Va. 729.

Assignment (d) dealing with the matter of bringing in new proper parties defendant who are judgment lien creditors of Lewis Otto Gates by means of an amended bill of complaint and the petition of Willie A. Herold, Porter Herold and David W. Dunbar, Trustees for the estate of Millard Herold, deceased, H. Lee Herold and Porter Herold, partners doing business under the firm name of Herold & Herold, without the issuance of further process and without remanding the cause to rules, we think, should have been regarded as well taken, subject to the disposition of assignment (e) which follows. The plaintiffs contend that since the judgment lien creditors appeared and waived process, the rule covering actual defendants who do so should govern. Undoubtedly, if additional *bona fide* parties are brought in by amendment,

asked for by the complainants, and appear and waive process, a decree otherwise in order could be entered touching any matter in controversy between the parties litigant who made the amendment and the parties litigant who appeared to the amended pleading. That is not the case here. As a usual thing, it makes little difference on the chancery side whether a person is proceeded against as a defendant or as a plaintiff. But in this matter, the plaintiff prayed for no relief as against the additional parties, and they, by filing their petition, prayed for no relief as against the complainants. What the additional parties were seeking, as alleged in their petition and in the amended bill, was relief against Lewis Otto Gates, Mildred Gates and Donald Dean Gates and the sale of land in which they were interested. If the amended bill and petition described an additional cause for equitable relief it was a cause against them and certainly not against the Herolds who attempted to waive the service of process.

Assignment (e) we regard as well taken upon the question specifically named, but before commenting upon that we wish to direct attention to the fact that under this Court's holding in the case of *Moreland* v. *Metz,* 24 W. Va. 119, 49 Am. Rep. 246, judgment lien creditors are improper parties to a proceeding to subject land to a vendor's lien. Therefore, the trial judge erred in entertaining the amended bill of complaint and the petition of Herold & Herold. See also, *Cunningham* v. *Hedrick,* 23 W. Va. 579; *Neeley* v. *Ruleys,* 26 W. Va. 686; and, as dealing with parties to a deed of trust, *Arnold* v. *Coburn,* 32 W. Va. 272, 9 S. E. 21.

Dealing with the specified ground of error, it is clear that in order to sell land in satisfaction of a judgment lien, a showing must be made that the rents, issues and profits of the land, or of the interest being sold, over a period of five years will not be sufficient to satisfy the judgment lien in full. Code, 38-3-9. Therefore, if otherwise proper, we believe it would be clearly erroneous to order land sold in satisfaction of a vendor's lien and also in the same decree to order judgments paid within thirty

days of the court's rising or the land sold in satisfaction of the judgment lien, wholly disregarding the possible income from the interest ordered sold.

· The assignment of error based upon the entry of a decree of sale at the special term, if that decree is to be regarded as simply a confirmation or supplement of a decree entered without the appearance of the defendants on February twenty-fifth, we believe relates to no prejudicial error.

We do not believe that the file in this case is indicative of a record correctible under the provisions of Code, 58-2-5, which may be stated, in general, to deal only with inconsistencies apparent upon the face of the record that can be taken advantage of on appeal only after a motion to reverse and correct has been acted upon by the trial court.

Based upon the fact that we are of the opinion that this entire proceeding was grounded upon what could be regarded as nothing more than a vagrant paper and is not to be regarded as having any legal effect, both of the orders which were entered February twenty-fifth and May nineteenth by the Circuit Court of Nicholas County are set aside and the cause remanded to be further proceeded in if and when the bill of complaint is properly signed and matured. For a brief general discussion of reviewing void judgments and decrees after a motion to vacate as preferable procedure, see 2 Am. Jur. 670. See also, *Hibner* v. *Belcher*, 115 W. Va. 387, 176 S. E. 422.

*Reversed and remanded.*