# CHARLESTON

HALL v. PHILADELPHIA CO.

Submitted March 3, 1914.   Decided April 21, 1914.

EASEMENTS—*Covenants of Deed—Resulting Damages.*

 A covenant, in a deed granting a right of way for a pipe line, to pay all damages for injury to land or anything thereon, resulting from laying, maintaining, repairing, operating or removing the pipe line, is not inconsistent with the grant. Such a covenant implies that the consideration paid for the easement did not include damages resulting from its use.

 (LYNCH, JUDGE, absent.)

Error to Circuit Court, Lewis County.

Action by Richard H. Hall against the Philadelphia Company of West Virginia. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Edward A. Brannon, Brannon & Stathers* and *Henry Brannon,* for plaintiff in error.

*Linn, Brannon & Lively* and *Claude L. Smith,* for defendant in error.

WILLIAMS, JUDGE:

To a judgment rendered against it by the circuit court of Lewis county on the 9th November, 1911, for $1,071.65, defendant was awarded this writ of error. The action was for breach of covenants to pay damages for injury to two of plaintiff's farms caused by the laying of a pipe line. The bill of particulars filed with his declaration showed the following items of damage claimed by plaintiff, viz.: hauling pipe over home farm, $100; damage to corn crop, $20; to fence, $15; to sheep, $10; to grass crop, $100; to pasture land, $800; to building stone, $10; to meadow land, $200; to damages by hauling pipe and other material, $75; damage to fencing, $33; to pasture land, $400; and to grass crop, $50, aggregating $1,815. The pipe line extended through one of plaintiff's farms a distance of 5915 feet, and through another a distance of 4563 feet.

By two separate deeds both dated the 26th July, 1909, in consideration of the cash sums of $1,792.50 and $1,372.50, respectively, plaintiff had granted to defendant company rights of way over his two farms to lay a gas pipe line, not to exceed sixteen inches in diameter. Each deed contained the following covenant, viz.: "In addition to the consideration this day paid, The Philadelphia Company of West Virginia, on its part, covenants and agrees with the said R. H. Hall that it will fully reimburse and pay the said Hall, his heirs or assigns, for all damage and injury to the said land, through which the said pipe line runs, or anything thereon, which may result in any way from the hauling of pipe or other materials on said land, or from the laying, maintaining, repairing, operating or removal of the said pipe line, including all injury and damage resulting from and growing out of explosions, leaks or freezes of gas, or from the installation or maintenance, in connection with said pipe line, of gates and regulators, or on account of wash-outs, or otherwise, including all injury and damage to person, personal property or buildings on said land, and also including all damage or injury to meadows, growing crops, pasture lands, timber, roadways and fences on said land." They also contained the further covenants "to fill and keep filled, even with the surface of the land, all ditches

or trenches made by it for. the purpose of laying said pipe line,'' and to pay, within sixty days after the completion of the pipe line through the farm, ''all damages theretofore sustained as aforesaid, by the said Hall,'' and, furthermore, to pay all damages that might be sustained by him in the future, within sixty days from the time they were actually sustained.

The assignments of error are numerous, but they all depend upon the construction of those deeds. Counsel for defendants insist that the covenants are inconsistent with the granting clause of the deed and, therefore, void. We do not think so. What' were the rights and privileges granted, and what is the effect of the covenants? The language used is certainly clear and free from doubt. There is, therefore, no reason for applying to it rules of construction. The only question is, can the deed and covenants both stand? There is expressly granted ''a right of way upon which to have and maintain a pipe line, not to exceed sixteen (16) inches in diameter,'' and also ''the right to enter upon the said land to lay down, repair, and replace the pipe upon the said right of way with other pipe from time to time,'' and the right finally to remove it from the land. The right to dig a ditch to receive the pipe and the right to haul the pipe over the land, along the line, were impliedly granted, because such rights were essential to the enjoyment of the easement which was expressly granted. But the granting of such rights either expressly or by necessary implication, does not nullify the covenants. They are not inconsistent with the grant, but are intended to provide for an ''additional consideration,'' to be paid after the damage is actually sustained and thereby made ascertainable with greater certainty. It could not have been contemplated that a pipe line of that size could be hauled over improved land and laid, without very considerable damage to the land itself as well as to the growing crops thereon. That such damages were not estimated and included in the cash consideration named in the grant, clearly appears from the express covenant to pay damages on account of doing many things which the grant expressly authorized defendant to do, and many others which it was obliged to do in order to enjoy the rights expressly granted. It could not dig its ditch or haul a joint of pipe over the land without causing some injury. But it was

difficult to estimate the probable amount of damages in advance of the completion of the pipe line. It depended on too many contingencies. The size of the pipe, the weight of the loads hauled, the condition of the grounds when the hauling is done, the width of the ditch to be dug, and the manner in which the privileges granted should be exercised, whether carefully or negligently, are considerations affecting the estimate. Hence, the consideration for these items was left open, and provision made for future payment on account of them, when the damages therefor could be more certainly ascertained. The covenants are not inconsistent with the granting clause and are binding. Language expressive of the intention of the contracting parties could hardly be plainer than the language employed. It requires no interpretation and must be given effect. It expresses the agreement of the contracting parties. They have so stipulated in their solemn deed. But for the covenants for payment of damages, there is no doubt that the cash consideration paid would be regarded as including all necessary damages resulting from the careful placing of the pipe line, but the parties have expressly agreed that they were not included.

It follows that the court committed no error in refusing to strike from plaintiff's declaration the words, "in the hauling and placing of said pipe and pipe line the plaintiff sustained damages to the amount of One Hundred Dollars ($100.00);" "to damage done to grass, $100.00;" "to damage done to pasture land, $800.00;" "to damage done to building stone $10.00;" "in the hauling and placing of said pipe and pipe line the plaintiff sustained damages to the amount of $75.00;" and "damage done to pasture land, $400.00; damage done to grass crop $50.00." These are some of the things for which defendant covenanted to pay.

The case was tried upon the proper theory, and we find no error in giving, or in refusing instructions, nor in the admission or exclusion of evidence. The quantum of damages was a jury question and the court did not err in refusing to set aside their verdict.

The judgment is affirmed.

*Affirmed.*