# WHEELING.

## HALL v. WADSWORTH.

Submitted June 7, 1887.—Decided June 29, 1887.

1. APPEAL—FROM JUSTICE'S COURT—TRIAL DE NOVO.
   No fact tried in a civil action by a jury of six persons before a justice can be re-tried *de novo* by the Circuit Court, or otherwise than according to the rules of the common law.

2. WRIT OF ERROR—OBJECTION NOT TAKEN.
   This Court will entertain a writ of error to and reverse a judgment of the Circuit Court in such case, although no objection was made to the jurisdiction of the Circuit Court in that Court.

*A. F. Haymond* for plaintiff in error.

*J. Bassell* for defendant in error.

SNYDER, JUDGE :

Writ of error to a judgment of the Circuit Court of Harrison county, pronounced October 6, 1885, in the case of *Jane Hall* against *C. G. Wadsworth.* The action was commenced before a justice of said county for the recovery of $300.00 damages for breach of a written contract. The defendant, Wadsworth, appeared and filed a counter-claim for $376.00 and demanded a trial by jury. The action was tried by a jury, and a verdict returned for the plaintiff for $53.00, on which the justice entered judgment. The defendant then appealed the case to the Circuit Court, where the action was tried *de novo* by a jury of six, who found a verdict in favor of the defendant for $41.64. The plaintiff moved the court in arrest of judgment against her, but the court overruled her motion, and entered judgment for the defendant against the plaintiff on the said verdict. To this judgment the plaintiff obtained a writ of error.

Although the amount in controversy in this Court is less than $100.00 in value, still, as the case involves " the constitutionality of a law," this Court has, by the express mandate of our constitution and statute, jurisdiction to consider and determine it. Const., art. VIII, § 3 ; Acts 1882, § 1, ch. 157, p. 505. The merits of this case present the same questions and none other than those decided by this Court in *Barlow* v. *Daniels,* 25 W. Va. 512, and therefore the principles decided in that case must control and determine this case. In *Barlow* v. *Daniels* it was held, that our statute authorizing appeals from the judgments of justices and the re-trial of the cases *de novo* by the Circuit Court, so far as it applies to cases in which the parties had appeared before the justice, and there had a trial by a jury of six jurors, is unconstitutional and void. It was also held in that case, that no fact tried by a jury of six before a justice could be re-tried in the Circuit Court otherwise than according to the rules of common-law. It is therefore apparent, that according to the principles thus decided the judgment of the Circuit Court in the case at bar was plainly erroneous, if not wholly void.

In order to escape the effect of the decision in *Barlow* v. *Daniels,* the defendant in error argues, that inasmuch as the plaintiff in error did not move to dismiss the appeal in the

Circuit Court, she should be held to have waived her right to do so, and thereby, in effect, consented to a re-trial of the case *de novo* by that court. Our bill of rights, Const., art III, § 13, in positive terms prohibits the re-trial *de novo* of a case like the one now in question by the Circuit Court. It seems to me therefore that the Circuit Court was without jurisdiction to hear the case on the appeal. It is a well settled rule of law, that where jurisdiction is unqualifiedly prohibited or withheld, even consent of the parties or the confession of judgment will not render the judgment or proceeding valid. *Spear* v. *Carter*, 1 Mich. 19, 48 Amer. Dec. 688; *Low* v. *Rice*, 8 Johns. 319; *Henry* v. *Cuyler*, 17 Johns. 471. The rule that where there is no objection in the court below, it is too late to raise the objection in the appellate court, applies only to cases of concurrent jurisdiction, and has no place where there is an entire want of jurisdiction of the subject-matter. *Green* v. *Creighton*, 10 Smedes & M. 158, 48 Amer. Dec. 742. A judgment rendered without jurisdiction is not the less invalid because rendered under an unconstitutional statute giving jurisdiction. *Horan* v. *Wahrenberger*, 9 Tex. 313, 58 Amer. Dec. 145; *Elliott* v. *Piersol*, 1 Pet. 328, 340.

It follows, therefore, that the Circuit Court improvidently and erroneously entertained the appeal from the judgment of the justice; that the judgment of that court must be reversed and set aside; and, this Court pronouncing such judgment as that court should have entered, it is ordered that the appeal to the Circuit Court be dismissed.

APPEAL DISMISSED.