## CHARLESTON.

IRELAND v. SMITH *et al.*

Submitted February 17, 1914. Decided March 31, 1914.

APPEAL AND ERROR—*Affirmance—Conflicting Evidence.*

> A case involving no new principle of law and depending on conflicting oral testimony, wherefore the judgment is affirmed.

Error to Circuit Court, Doddridge County.

73 W. Va.

Action by Rosalena Ireland against T. B. Smith and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*L. W. Chapman* and *G. W. Farr*, for plaintiff in error.

*Robinson & Prunty* and *R. S. Blair*, for defendants in error

WILLIAMS, JUDGE:

This writ of error was awarded on petition of Thomas B. and Daniel S. Smith to a judgment rendered against them in favor of plaintiff by the circuit court of Doddridge county for the sum of $550. A number of errors are assigned, the first being the overruling of the demurrer to the declaration. This assignment is not well taken. The declaration contains the common counts in assumpsit and is good in form.

The second assignment is that it was error to overrule defendants' motion to exclude plaintiff's evidence because of a variance. There was no variance. The evidence was admissible under the *quantum valebat* count. The action is to recover the price of household goods which plaintiff claims to have sold and delivered to defendants at their special instance and request. The facts rest wholly on conflicting oral testimony. It is unnecessary to detail it. It suffices to say that plaintiff's evidence tends to prove that she conducted a hotel at Salem, West Virginia, in a building which had been leased to her by defendants who were the joint owners thereof; that she was in arrears in the payment of rent and wanted to quit the hotel business; that she owned the furniture in the building; that defendants came to her place on September 8, 1907, and talked with her about buying it and went through the house and examined it; that Dan Smith said he had to go away that evening and remarked that whatever Thomas Smith did in the matter would be all right with him; that on the next day Thomas Smith returned, and he and her husband then went through the house and again examined the furniture and settled on the price of $700, $150 of which was to be applied in payment of rent then due; that she was present and agreed to the sale; that Mr. Smith then asked her to stay in the house a few days until he

.could get some one to take charge of it; that she remained
nearly five weeks thereafter and he did not send anyone to
occupy the house; that there were no keys that would lock
the doors from the outside and she had Mr. George Trainer
to lock them from the inside and come out through one of the
windows; that she requested him to inform Mr. Smith where
the keys were and then left the house. She is corroborated by
her husband, her daughter and, to some extent, by Mrs. Mary
M. Davis to whom Mr. Thomas Smith proposed to sell the
furniture, at the price of $700, shortly after the alleged sale
to him and Daniel Smith by plaintiff. Mrs. Davis says that
Mr. Smith did not propose to sell the goods as agent for plain-
tiff, and that he told her that he had promised to let Mrs. Ire-
land out, as she was not able to run the business. Plaintiff's
evidence is certainly sufficient to support the verdict. Her
evidence conflicts directly with much of the material testi-
mony of defendants. But, in the absence of controlling facts
and circumstances clearly established, the court has no right
to disturb the finding of the jury.

Plaintiff's leaving the goods in the house under the circum-
stances detailed by her, constituted sufficient delivery thereof.
There is no evidence that a delivery at any other place was
contemplated. She had remained in the house much longer,
after the alleged sale, than she had agreed to remain, and
there was no other reasonable course open to her but to leave
the goods in the house. If the jury believed, as they had a
right to believe from plaintiff's testimony, that Daniel Smith
had authorized Thomas Smith to buy the goods on their joint
account, then the contract of purchase was joint and they
were jointly liable. They were co-owners of the hotel, and
this undisputed fact lends force to plaintiff's testimony that
the purchase was by them jointly although consummated by
one of them only.

It was not error to permit plaintiff to amend her bill of
particulars by filing another itemized account differing from
the first in that it omitted the values of separate articles and
gave the aggregate value at $700, which was much less than
the sum shown to be due by the original bill and claimed in
the declaration. Defendants could not possibly have been
prejudiced by that amendment.

The giving of plaintiff's instructions Nos. 1, 3, 4, and 5, and the refusal to give defendants' No. 3, are complained of. Plaintiff's No. 1 tells the jury that she is not required to prove the matters in issue beyond a reasonable doubt but only by a preponderance of evidence. This is the law in the trial of civil actions. Her No. 3 tells the jury that any "words that import a bargain whereby the owner of chattels signifies his willingness and consent to sell whereby another person signifies his willingness and consent to buy them in presenti for a specified price would be a sale and a transfer of the right to the chattels and neither the delivery nor tender of the purchase money is necessary to constitute such contract a sale." This instruction is also the law and is applicable to the facts proven by plaintiff's evidence. *Buskirk Bros.* v. *Peck,* 57, W. Va. 360, and *Moore* v. *Patchin,* 71 W. Va. 192. Nos. 4 and 5 relate to the same subject, i. e., what facts constitute a completed contract of sale and gives the seller a right of action for the purchase price. They state the law correctly as laid down in the cases above cited.

Defendants' No. 3, refused, is lengthy, and it is not necessary to encumber the reports by quoting it. It is sufficient to say that it ignores plaintiff's evidence given in explanation of her remaining in the house after the alleged sale of the goods and assumes, as matter of law, that her leaving the goods locked up in the house did not amount to a delivery of them, and directs the jury to find for defendants on the ground that there was no delivery. It follows from what we have already said in regard to the giving of plaintiff's instructions that it was not error to refuse this instruction. While actual delivery of chattels is not indispensable to the passing of title, the leaving of the goods in defendants' house might well be regarded, under the facts as proven by plaintiff's evidence to exist in this case, as the delivery the parties contemplated. Plaintiff's evidence tends to prove that she was to remain in the house only for a few days until defendants could get some one to occupy it, and that one of defendants tried to sell the furniture to Mrs. Davis to whom he tried to rent the house.

During the trial the court overruled defendants' motion to exclude certain testimony, but there is no formal bill of

exceptions specially calling our attention to that error, if indeed it be error, nor does it appear that the trial court's attention was called to it on the motion for a new trial. Apparently the only ground offered in support of the motion for a new trial is that the verdict was contrary to the law and evidence. Not having called the lower court's attention to the error now complained of in one of the ways above indicated, under the rule long established by this court, the error will be treated as waived. *State* v. *Henaghan et al.*, 73 W. Va. 706, —— S. E.——; *Halstead* v. *Horton*, 38 W. Va. 727; *Gregory* v. *Railroad Co.*, 37 W. Va. 606.

It is apparent from what we have already said concerning other assignments, that it was not error to overrule defendants' motion for a new trial, and the judgment is affirmed.

*Affirmed.*