# CHARLESTON.

## STATE v. JONES.

Submitted February 15, 1916. Decided February 22, 1916.

1. CRIMINAL LAW—*Writ of Error—Presentation for Review—Rulings on Evidence—Bill of Exceptions.*

    Rulings of the trial court on the admissibility of evidence will not be considered on writ of error, unless the evidence admitted or

rejected is made part of the record by special bills of exception or assigned as cause for a new trial on motion therefor, although all the evidence is made part of the record by a general bill of exceptions.   (p. 636).

2.   SAME—*Refusal of Instruction Covered.*

An instruction, though correct in principle, is properly refused, where its subject matter is fully covered by other instructions given in the case.   (p. 636).

Error to Circuit Court, Tucker County.

Herbert Jones was convicted of an attempt to commit rape, and brings error.

*Affirmed.*

*A. R. Stallings* and *L. Hansford,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

LYNCH, JUDGE:

Defendant was convicted and sentenced to two years' confinement in the penitentiary for an attempt to commit a rape, upon an indictment charging him with actual rape.  He assigns as erroneous the admission of record evidence of a former conviction for a similar offense, the rejection of evidence affecting the chastity of the prosecutrix, and misdirection of the trial jury.

The rulings on evidence we can not consider.  They were not made the subject of separate bills of exception, nor embodied in the motion for a new trial.  Either course would have sufficed.  The omission of both is fatal, notwithstanding all the testimony was made part of the record by a general bill of exceptions.  Repeated decisions of this court upon the necessity of such procedure, and the consequences of failure to observe it, seem to render superfluous citation of the cases. But see *State* v. *Henaghan,* 73 W. Va. 706; *Railroad* v. *Brown,* 74 W. Va. 159; *Stewart* v. *Parr,* 74 W. Va. 327.

Though correct in principle, instruction number 9 refused and number six given substantially state the same general legal proposition.  But the former is erroneous in saying the only evidence of guilt was testimony of the prosecutrix.

Other facts and circumstances corroborative of her testimony appear in the record before us.

As the proof, though meager, sufficiently showed guilt, the court did not err in entering judgment on the verdict of the jury. Wherefore the judgment is affirmed.

*Affirmed.*