# CHARLESTON.

### STATE v. JOHN MARCUM

Submitted October 30, 1923.   Decided November 6, 1923.

CRIMINAL LAW—*Prejudiced Party Must Move for New Trial, and Except to Refusal, to Avail in Appellate Court.*

To avail himself, in the appellate court, of errors made in the progress of a trial, the party prejudiced thereby must move for a new trial and except to the action of the court in refusing it.

Error to Circuit Court, Wayne County.

John Marcum was convicted of unlawfully manufacturing, selling, and transporting intoxicating liquors, and he brings error.

*Writ dismissed.*

*W. T. Lovins,* for plaintiff in error.

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *W. G. Brown, Prohibition Commissioner,* for the State.

LITZ, JUDGE:

The defendant obtained this writ of error to judgment of the circuit court of Wayne county rendered May 8th, 1922, upon the jury's verdict of guilty under a warrant charging him with unlawfully manufacturing, selling, offering, exposing, keeping and storing for sale or barter, and of transporting from Kentucky into this State, intoxicating liquors; by

which judgment defendant was fined $300.00 and sentenced to jail and at hard labor on the public roads of that county for ninety days.

The defendant, in his petition for writ of error and supersedeas, assigns several grounds of error but has presented no argument to support them.

Upon inspection of the record we find that the case is not properly before this Court. It does not appear that the defendant either moved to set aside the verdict, or excepted to the action of the court entering judgment thereon. The writ of error, therefore, will have to be dismissed as improvidently awarded, no errors worthy of consideration being assigned except those committed in the progress of the trial. *Holt* v. *Otis Elevator Company,* 78 W. Va. 785; 90 S. E. 333.

*Writ of error dismissed.*