# CHARLESTON.

GEORGE DRANSFIELD *v.* BOONE-ARMSTRONG MOTOR CO. *et al.*

(No. 5399)

Submitted October 12, 1926.     Decided October 19, 1926.

1.  SALES—*Evidence to Show Sale of Automobile to Dealer to be Resold, Making Reservation of Title in Seller, Held Void Against Purchaser for Value in Ordinary Course of Business (Code, c. 99A, §§ 3, 9, 16).*

    Section 9, Ch. 99A, Code declaring void under certain conditions the reservation of property under a conditional sale contract, applied.     (p. 371.)

    (Sales, 35 Cyc. p. 681.)

2.  APPEAL AND ERROR—*Error Not Specified on Motion for New Trial, and Not Made Subject of Special Bill of Exceptions, Will be Treated as Waived.*

    Error not specified on a motion for a new trial and not made the subject of a special bill of exceptions, will be treated as waived.     Pt. 1, Syl., *Gregory's Admr. v. Rr. Co.,* 37 W. Va. 606.     (p. 373.)

    (Appeal and Error, 3 C. J. § 863; 4 C. J. § 1786.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Greenbrier County.

Action by George Dransfield against the Boone-Armstrong Motor Company and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*H. W. Bowers* for plaintiffs in error.

*J. S. McWhorter* and *Koontz, Hurlbutt & Revercomb* for defendant in error.

HATCHER, JUDGE:

This case is here on error from a judgment of the circuit court of Greenbrier county, awarding the plaintiff $1095.00.

On July 9, 1923, the Boone-Armstrong Motor Company, which was the general state distributor of the Gardner automobile, appointed the Greenbrier Motor Sales Company a local agent for that automobile.

On Aug. 4, 1923, the Boone Company sold the Greenbrier Company two Gardner cars, under what is called a "conditional sales contract," whereby the title of the cars was reserved in the former until the latter should complete payment therefor, and which specified that the contract should not be assigned without the written consent of the Boone Company. The reservation of title was recorded Aug. 17, 1923. A few days afterwards the Greenbrier Company sold one of these cars to George Dransfield for $1095.00, at which time there was a balance of $361.99 due and unpaid on the contract with the Boone Company. When payment of this balance was not promptly made, the Boone Company seized and has retained the plaintiff's car. On Dec. 18, 1923, the Greenbrier Company gave Dransfield its note for $1095.00, which has never been paid. Shortly afterwards, Dransfield instituted this suit to recover the value of his car.

The plaintiff bases his right of recovery on the theory that the cars were sold by the Boone Company to the Greenbrier Company for resale, and the transaction is therefore governed by Sec. 9, Ch. 99 A, Code, which is:

> "When goods are delivered under a conditional sale contract and the seller expressly or impliedly consents that the buyer may resell them prior to performance of the condition, the reservation of property shall be void against purchasers from the buyer for value in the ordinary course of business, and as to them the buyer

shall be deemed the owner of the goods, even though the contract or a copy thereof shall be recorded according to the provisions of this act.''

The defendant claims that its seizure of the car under its conditional sales contract, was permissible by reason of Secs. 3 and 16, Ch. 99 A, Code; and that after the repossession, Dransfield waived all rights in the car by accepting the note of the Greenbrier Company for the value of the car.

On the question of whether the cars sold to the Greenbrier Company were for resale, Mr. Boone, manager and secretary-treasurer of the Boone Company, testified that his company was the state distributor for the Gardner automobile; that when it sold cars to the local agents, the agents were expected to resell them; and that it would be ''natural'' for the Greenbrier Company to resell the two cars, but he had not understood that they were going to do so. Mr. O'Connell, who was one of the partners composing the Greenbrier Company, testified that the purpose of the agency contract between the two companies was for the Greenbrier Company to obtain cars for resale; that the Boone Company sold the Greenbrier Company the two cars in question for resale; that the Boone Company urged the Greenbrier Company to resell them; that it knew at the time the two cars were bought that one of them was to be resold to Dransfield; and that in fact it had agreed to the resale of the cars.

In providing that the consent to resell might be *implied* as well as *express,* the statute clearly contemplates the admission of evidence as to the acts and words of the seller. The jury having found in favor of plaintiff, all conflicting testimony will now be resolved in his favor. *Musgrave* v. *Klan,* 102 W. Va. 320. When that is done, a clear case of consent to resell is established. Under the statute, the reservation of title by the Boone Company is therefore void against the plaintiff—he being a purchaser for value in the ordinary course of business.

The claim of defendants that it was error to admit oral evidence tending to modify the written reservation of title,

is not available here, for the reason that the admission of such evidence was not made the subject of a special bill of exceptions or specifically pointed out on the motion for a new trial. "A motion for a new trial should indicate, in a way sufficient to call the attention of the court to them, the grounds for such new trial, unless the point has been made the subject of a bill of exceptions. Where it is claimed that evidence has been improperly admitted, and the record states that the motion for new trial was based on certain specific grounds, not naming the admission of the evidence, that exception will not be considered in the appellate court, but will be treated as waived." *Gregory's Adm'r.* v. *Rr. Co.,* 37 W. Va. 606; *State* v. *Noble,* 96 W. Va. 432.

Plaintiff's instructions Nos. 5, 6, 7 and 8, develop the theory of consent to resell, and are without serious objection. The other instructions offered by plaintiff were modified and changed by the court before being given. The record discloses no objection thereto after being so modified. Consequently, they are not now properly presented for our review.

Defendants' complaint that the court modified their instruction No. 1 cannot be considered here. No special bill of exceptions was taken to that action of the court and it was not specifically assigned as a ground for a new trial in the motion to set aside the verdict.

The written contract of agency between the Boone Company and the Greenbrier Company was introduced in evidence. The defendants now say that was error. The introduction of the agency contract was not specified as a ground of error on the motion for a new trial, or made the subject of a special bill of exceptions, so we will treat that alleged error as waived.

Mrs. Dransfield transacted most of the business relating to the purchase of the car. She testified that the note of the Greenbrier Company was taken as a guarantee that they would get their money back from someone, to make them "feel safe" until the suit should be decided, and was in no sense a settlement for the car. Her testimony was sup-

ported without qualification by Mr. O'Connell and Mr. Kessinger, the other partner of the Greenbrier Company. Mr. Dransfield's testimony in regard to the note is very confused. He stated that the note was accepted in payment in full of the car, but he obviously thought that the note about which he was testifying was one of $895.00, which he had given O'Connell as balance due on the car and which he had later paid. Mr. Boone testified that O'Connell told him the note was given in settlement for the car, but that O'Connell expected to be unable to pay the note when it should fall due. Whether the note was accepted by plaintiff in full settlement for the car taken by defendants, was fairly submitted to the jury by the instructions. On this issue the finding was adverse to the defendants. The acceptance of the note was therefore no bar to this action. *Sullivan* v. *Saunders,* 66 W. Va. 350; *Chenowith* v. *Association,* 59 W. Va. 653; *Fidelity Co.* v. *Engleby,* 99 Va. 168.

No prejudicial error being presented to this court, the judgment of the lower court is affirmed.

*Affirmed.*