# CHARLESTON.

R. E. Riley *et al v.* F. W. Pierson

(No. 6500)

Submitted September 17, 1929.   Decided September 24, 1929.

*Charles Ritchie* and *A. D. Duduit,* for plaintiffs in error.
*D. B. Dawson,* for defendant in error.

Lively, Judge:

This action is on a bond given by Pierson in a detinue suit formerly tried before a justice of the peace in which suit

Pierson was plaintiff and Riley was defendant, which bond was conditioned to discharge the judgment of the court, or have the property forthcoming. Judgment was rendered in favor of Riley, plaintiff in this suit, and Pierson and Samples, as surety on the bond, defendants herein, prosecute this writ of error thereto.

The case arises in this way: Pierson sued Riley in the court of Gandee, justice, for possession of an automobile; and took possession of the car by virtue of the forthcoming bond (now sued on) payable to Riley and conditioned as above stated. Upon trial before the justice, judgment was rendered for Riley. Pierson appealed and upon the case coming to trial in the Common Pleas Court of Kanawha county, it was discovered that the transcript had not been signed by justice Gandee, and that the appeal bond had not been approved; thereupon Pierson moved the court to continue the case and to direct the justice to make out and file in the Common Pleas Court a complete transcript, and for opportunity for Pierson to give a new bond; which motion was granted. The justice did not make out and file the transcript with the Common Pleas Court, but Pierson did not execute bond before the first day of the succeeding term as required by the order, and when the case came on again for trial, Pierson made no appearance, and his appeal was dismissed on motion of Riley. Riley then instituted the present action on the forthcoming bond, the car not being found, and upon the return day Pierson and his surety on the bond appeared in answer to the action and tendered a special plea in bar setting out the former proceedings as stated above, and averring that the appeal in the detinue suit vacated the justice's judgment and the dismissal of the appeal did not reinstate it; therefore, the suit on the bond could not be maintained. The court rejected the plea; and Pierson and his surety withdrew from the case. Riley had a jury empanelled, the defendant, as above stated, making no further appearance, and the judgment complained of was entered upon the verdict of the jury for $350.00. The controlling point of error is based on the court's refusal to allow the plea in bar to be filed.

Defendant in error Riley, says (1) that this writ of error should be dismissed because no motion was made to set aside the verdict and award a new trial; (2) that a judgment upon the merits of the detinue case was not necessary to maintain the action on the forthcoming bond; and (3) that there was really no appeal from the justice's judgment in the former case, as set out in the plea, because the Common Pleas Court allowed the appeal only on a condition precedent (the giving of a new bond), which condition was not performed.

The case presents little difficulty. The point that this writ should be dismissed because defendant made no motion to set aside the verdict of the jury and for a new trial, is not well taken. Pierson had the right to rely on his plea in bar, if that plea presented a bar to the action. The error complained of and sought to be reviewed relates to the pleadings which go to the right to maintain the suit. In such cases it is not necessary in order to maintain an appeal that a motion be made to set aside the verdict and for a new trial, by the person appealing. As was said by JUDGE RITZ in *Payne* v. *Riggs,* 80 W. Va. 57, 60: ''If there is any error in the pleadings in this case, or in the judgment rendered by the court upon the verdict, which the defendant raised below, they can take advantage of such error in this Court, even though they did not move to set aside the verdict of the jury and grant to them a new trial of the matters arising upon the trial before the jury.'' And in *Spence* v. *Robinson,* 35 W. Va. 313, 316, it was said: ''Nevertheless we may regard it as firmly established in this State, that, where there is error in the declaration, pleadings or judgment committed against the protest or over the demurrer or other objection of the party, the same may be reviewed and corrected in this Court, although no motion has been made for a new trial in the court below, and no exception was reserved by bill of exception or otherwise.'' Riley and Samples objected and excepted to the ruling of the court in rejecting their plea in bar, and have preserved the same by a special bill of exceptions. Therefore, they can maintain their appeal without having first made a motion to set aside the verdict *Perry* v. *Horn,* 22 W. Va. 381.

The point that a judgment on the merits in the detinue case was not necessary in order to maintain suit on the forthcoming bond is untenable, for an inspection of the bond as pleaded shows that it was not only given for the forthcoming of the property, but also to answer the judgment of the court. Where the conditions of a bond of this character are in the alternative, the maker has the right to select the condition which he will perform. *Home Distilling Co.* v. *Himmel,* 74 W. Va. 756.

Neither is the point well taken that the court of Common Pleas granted the appeal on conditions precedent. The justice of the peace had granted the appeal in the first instance for the appeal had been docketed in the Common Pleas Court and the papers sent up with the defects hereinbefore mentioned. On the facts presented by the rejected plea in bar, which must be taken as true, the statute tells what shall be done. For convenience, we here quote the entire section of the statute which governs, namely, section 170 of chapter 50, Code, which reads :

"If the court, in any case, be of opinion that the bond filed is insufficient, or the security doubtful, it shall order a new bond, in proper form and with good security, to be given within the time specified in such order, and if it be not given, or good cause shown why it was not, the same judgment which was rendered by the justice, with the costs of the appeal, shall be entered in the circuit court, without further trial, against the appellant and those who signed the bond if it be such bond as is first named in section one hundred and sixty-four, and judgment against the appellant and sureties for the costs of the appeal if it be not such bond; provided, no appeal from any justice of the peace of any county of this State shall be dismissed on the account of any failure of any such justice to comply with any requirements of any statute now in force relating to appeals from justices of the peace, provided the appellant or appellants have executed bond when said bond is required and done all necessary on his or their part to perfect such appeal, and in no case shall any appeal from any justice be dismissed when it shall appear to the appellate

court that injustice might be done to the appellant or appellants, but in every such case such appeal shall be docketed, heard and disposed of by said appellate court in accordance with the ordinary rules of law governing the trial of such cases, and under such other orders as the court may see fit to impose.''

On the situation presented by the plea it was the plain duty of the court to enter the same judgment which had been rendered by the justice of the peace without further trial as provided in the section just quoted. The Common Pleas Court had no jurisdiction to dismiss the appeal, or the case. The court exceeded its powers in so doing; and it makes no difference on whose motion the excess power was exercised. The order dismissing the case was in excess of jurisdiction. Note that the statute says what *shall* be done in such cases. However, the plea should have been received, as in substance and by operation of the statute, it presented the fact to the court that the appeal stood pending and not disposed of. According to 'the facts set out in the plea, which, on this writ of error, must be taken as true, they render the suit on the forthcoming bond premature.

Therefore, the judgment will be reversed, the verdict set aside and the case remanded. Riley can have the case on appeal from the justice docketed for trial in the Common Pleas Court, and can pursue the remedy afforded him by section 170, chapter 50, Code, above quoted.

*Judgment reversed; verdict set aside; case remanded.*