V. L. HARMON *v.* CLAUDE SPURLOCK, *Justice, et al.*

(No. 8954)

Submitted October 24, 1939. Decided November 21, 1939.

*Thomas West*, for plaintiffs in error.

RILEY, JUDGE:

In this prohibition proceeding, the respondents, Claude Spurlock, a justice of the peace, and Theodore Allen seek the reversal of an order of the Circuit Court of Cabell County awarding a peremptory writ of prohibition, prohibiting them from proceeding with the trial of a civil action pending before said justice of the peace, instituted by Allen against the petitioner, V. L. Harmon.

Code, 56-6-35, provides: "In the trial of a case at law in which a writ of error or supersedeas lies to the court of appeals, * * * any party may avail himself of any error appearing on the record, by which he is prejudiced, without obtaining a formal bill of exceptions, provided he objects or excepts, on the record to the action of the court complained of * * *." The order of the court awarding the peremptory writ, of course, is a part of the record. No objection was taken to it, and no exception is contained in any formal bill of exceptions, certificate in lieu of a formal bill, or in the order itself. In a law action or proceeding, the entry of an order to which no objection or exception has been taken will not ground a writ of error from this court. In *Perry* v. *Horn & Carroll*, 22 W. Va. 381, Pt. 3, Syl., this Court said: "If a defendant does not on the record object or except to the judgment of the court in overruling a motion to set aside the judgment entered at the same term of court, the appellate court will not review such action of the circuit court." The above provision of the Code simply expresses in statutory form the holding of this Court in the *Perry* case, which was decided when the statute read: "A party may avail himself of any error appearing on the record, by which he is prejudiced without excepting thereto." Acts, West Virginia Legislature, 1872-73, 595. See Revisers' notes, Code 1931, 56-6-35. The many decisions of this

Court on this point, decided since the *Perry* case and before the revision of the Code, need not be cited.

In this State there is a clear distinction between legal and equitable remedies, notwithstanding they are administered by the same court. The New York Court, prior to the adoption of its code governing practice and procedure, stated, we think, the correct rule: " * * * Notwithstanding all that has been said and attempted in respect to combining law and equity, the action and administration of the court is perfectly distinct in affording legal or equitable remedies, as much so as when they had to be sought in different courts." *Onderdonk* v. *Mott*, 34 Barb. N. Y. 106, 112. The distinction should not be discarded here.

Though, in some respects, a writ of prohibition resembles the remedy of injunction, it is classed among legal remedies. *Lyons* v. *Steele*, 113 W. Va. 652, 653, 169 S. E. 481; *Davis* v. *Prunty, Judge, et al.,* 114 W. Va. 285, 287, 171 S. E. 644. An historical review of the writ indicates that it has been a common law remedy from an early time. Blackstone wrote that " * * * the encroachment of jurisdiction * * * is also a grievance for which the *common law* (italics supplied) has provided a remedy by the writ of *prohibition*. A prohibition is a writ issuing properly only out of the court of king's bench, being the king's prerogative writ * * *." II Cooley's Blackstone (4th Ed.), 936. And the court of king's bench, though originally it heard cases which concerned the king, or cases affecting great persons privileged to be tried only by the king himself, gradually became a common law court. 13 Encyclopedia Britannica (14th Ed), 390.

It follows the order of this Court awarding the instant writ of error should be vacated, and the writ discharged as having been improvidently awarded. An order will be entered accordingly.

*Writ of error discharged as having been improvidently awarded.*

KENNA, JUDGE, dissenting:

I quite agree with the majority opinion that a proceeding in prohibition is to be classified as a proceeding upon the law side of the court. Code, 53-1-10, so provides. Yet, I do not believe that the procedural technicality of common law actions should be applicable to it, particularly in the light of the provisions of Code, 53-1-8, which strike me as being mandatory and read as follows:

> "The writ peremptory shall be *awarded or denied according to the law and facts* of the case, and with or without costs, as the court or judge may determine." (Italics my own).

To my mind this section is without meaning if the technicalities of common law pleading and practice are to be adhered to in prohibition proceedings. This, I think, is applicable to the trial court and to this Court as well.

In this proceeding the defendant appeared and demurred to the petition, and expressly stating in the order that he did so *without waiving his demurrer,* he proceeded to answer. The trial court thereafter overruled his demurrer and found against him. He did not except to that ruling. Of course, he was not required to object because, as I understand, the only purpose of an objection is to raise and pave the way for placing in the record a legal question that the trial court is required to pass upon and which otherwise would be *dehors* the record. Exceptions are the technical way to preserve objections after the trial court has ruled. I think that Code, 56-6-35, applies to the trial of actions at law; not to questions arising upon demurrer which precede trial. The questions here arise upon demurrer.

Recognizing that on the question involved arising in actions at law there is conflict in the utterances of this Court, I believe that even regarding a proceeding in prohibition in the technical aspect of a common law action, the position taken by the majority opinion is too harsh and rigid for a prohibition proceeding. As illustrative of the

conflict, in this Court's opinion in the case of *State* v. *Wetzel*, 75 W. Va. 7, 83 S. E. 68, Ann. Cas. 1918A, 1074, at page 20 (W. Va.), the following language will be found:

"The attorneys for the State make the point in their brief that the failure of defendant to except to the action of the court in overruling the demurrers to the several pleas in abatement, was a waiver of the error. We do not think so. Such an exception was not necessary. The order of the court shows that the pleas were filed and that the court considered them and sustained the demurrers thereto. The pleas therefore became as much parts of the record as the indictment, or as an order of the court, and no exception to the court's ruling was necessary. The cases cited and relied on by counsel in support of their proposition are all cases in which pleas were tendered, but not filed, and rejected. In such case it seems that an order of the court is necessary to make the rejected plea a part of the record, but not so where the plea is filed and held bad on demurrer. The matters complained of were properly called to the attention of the court by pleas in abatement."

It is my belief that unless governed by a controlling precedent, which I think we are not, this Court's attitude should simplify instead of complicate procedural questions, particularly where extraordinary remedies are involved. To a large extent the procedure in prohibition cases is governed by statute, and promptness, if not haste, is frequently indispensable. There is no proceeding in the clerk's office, and the return day is fixed by the court when the rule is granted.

I believe that any error the trial court may have committed by overruling the demurrer to the petition is apparent upon the face of the record, that the fact that respondent answered without waiving his demurrer is indicative of the fact that he waived no error involved in that question, and that if the writ peremptory is to rest upon the law and the facts as is provided in our statute, this writ of error should not be regarded as improvidently awarded.