STATE OF WEST VIRGINIA

*v.*

GUY CLARENCE CRUIKSHANK, *et al.*

(No. 10525)

Submitted April 22, 1953. Decided May 26, 1953.

GIVEN, JUDGE, dissenting.

*J. W. Maxwell,* for plaintiffs in error.

*John G. Fox,* Attorney General, *T. D. Kauffelt,* Assistant Attorney General, for defendant in error.

HAYMOND, PRESIDENT:

On December 10, 1951, the defendant Guy Clarence Cruikshank was tried and convicted by a Justice of the Peace of Clay County of the offense of wilfully neglecting and refusing, without lawful excuse, to provide for support or maintenance of his two legitimate children, under the age of sixteen years, in destitute and necessitous circumstances, under Section 1, Article 8, Chapter 48, Code, 1931, upon a warrant issued by the justice on the sworn complaint of Ruby Olive Cruikshank, the wife

of the defendant, as provided by Section 2 of the same article and chapter. The judgment of the justice was that the defendant pay sixty dollars per month for the support of his two children in installments of thirty dollars each on two specified dates and thereafter on the fifteenth day and the thirtieth day of each succeeding month.

Under Section 4, Article 8, Chapter 48, Code, 1931, as amended, the defendant appealed from the foregoing judgment of the justice to the Circuit Court of Clay County and gave bond in the penalty of one thousand dollars, the amount fixed by the justice, with Stella Cruikshank and Paul Cruikshank as his sureties. That section of the statute provides that a defendant who is convicted of an offense mentioned in Section 1 and who desires to appeal from such conviction shall give bond in the penalty of not less than five hundred dollars, conditioned that he appear before the court to which he appeals, and that if upon trial of the appeal he is again convicted of the charge, the payments shall be fixed by the judge of the court to which the appeal is taken in an amount to be determined by him. The section also provides that the amount, as fixed by the judge, shall relate to the date of the trial before the justice; that such bond shall be liable for the payments of the sums so fixed; that judgment may be entered upon such bond against the defendant and his surety; and that the court may enter such further judgment as may be proper under the statute.

The bond executed by the defendant and his sureties was conditioned that he personally appear before the Circuit Court of Clay County on the first day of its next regular term to answer the State of West Virginia for the offense of which he had been convicted and that he should not depart without leave of the court, but contained no express condition that he satisfy any judgment rendered by the court upon the appeal.

On appeal to the circuit court, the defendant, on June

9, 1952, was again tried upon the warrant and in the trial in that court, at which the defendant was present in person and represented by two attorneys, a verdict of guilty as charged in the warrant was returned by a jury. Following the return of the verdict, the court asked the defendant if "he had anything to say why a judgment should not be rendered against him on said verdict". The defendant did not give any reason in opposition to the entry of a judgment upon the verdict, did not interpose any objection or take any exception to the action of the court, and did not make any motion to set aside the verdict or to grant him a new trial. The court then proceeded to render judgment upon the verdict of the jury. The judgment, as set forth in the final order of June 9, 1952, is that "the said Guy Clarence Cruikshank and Stella Cruikshank and Paul Cruikshank, the last two of whom signed the appeal bond given by the defendant in this case as his surety therein, do pay to the said Ruby Olive Cruikshank, the mother of the two children, Karen Lee Cruikshank and Phyllis Irene Cruikshank, for the support and maintenance of said children and until the further order of this Court, the sum of $20.00 per month for each of said children, said payments to begin as of the tenth day of December, 1951, the aggregate of said payments due to this date amouning to $240.00, and the next and subsequent payments of $40.00 each ($20.00 per month for each of said children) to be made on or before the tenth day of July, 1952, and monthly thereafter until the further order of this Court, or until said children severally reach the age of sixteen years; and that the said defendant and his said sureties do further pay to the said Ruby Olive Cruikshank her costs in and about the prosecution of this action before the Justice and in this Court expended, including the usual statute fee of $10.00." The order of June 9, 1952, also contains this provision: "On motion of plaintiff an execution is awarded her for the collection of said $240.00 and the costs aforesaid, if the said $240.00 and costs are not paid on or before July 1, 1952." To the

foregoing judgment of the circuit court this Court awarded this writ of error upon the joint petition of the defendant and Stella Cruikshank and Paul Cruikshank, the sureties on the appeal bond given by the defendant before the justice of the peace.

By their assignments of error the defendant and his sureties seek reversal of the judgment of the circuit court on substantially these grounds:

(1) That Section 2, Article 8, Chapter 48, Code, 1931, authorizing a justice of the peace to try a husband or a parent for the offense created and made a misdemeanor by Section 1 of the same article and chapter of the Code, is unconstitutional because violative of Article III, Section 10, and Article III, Section 14, of the Constitution of West Virginia; (2) that Section 4, Article 8, Chapter 48, Code, 1931, as amended, limits the right of a defendant to appeal from the judgment of a justice of the peace to the extent of denying such appeal unless the defendant gives bond with surety in a penalty of at least five hundred dollars, with condition that he appear before the court to which he appeals and satisfy the judgment of the appellate court if convicted upon such appeal, and for that reason is unconstitutional as violative of Article III, Section 10, and Article III, Section 14, of the Constitution of West Virginia; (3) that the appeal bond, given under Section 4, Article 8, Chapter 48, Code, 1931, as amended, is void except as a bond to require the personal appearance of the defendant and can not constitute the basis of a judgment for the payment of money, and any such judgment rendered upon such bond is void; (4) that the bond given by the defendant and signed by the sureties contains no express condition to pay the judgment rendered by the circuit court upon the appeal and for that reason that court was without jurisdiction to render any judgment against the sureties on the bond; and (5) that, even if the bond is valid, the liability of the sureties is limited to the aggregate of two hundred and forty dollars, the amount fixed by the circuit court for

the period between the date of the trial before the justice and the date of the trial in that court on appeal; that in any event the liability of the sureties can not exceed in amount the sum of one thousand dollars, the penalty of the bond; and that the judgment of the circuit court, to the extent that it is in excess of either of the foregoing sums of two hundred and forty dollars and one thousand dollars, is unauthorized and void.

The questions sought to be raised by the assignments of error were not presented to or passed upon by the circuit court and the defendant and his sureties undertake to present them in the first instance to this Court upon this writ of error. The plaintiff, the State of West Virginia, insists that, as the defendant did not raise in the trial court the points now relied on for reversal of the judgment, he and his sureties may not raise them for the first time in this Court under the well recognized general rule that errors not assigned in the trial court will not be considered on appeal or writ of error.

The failure of the defendant, clearly shown by the record, to interpose any objection, to take any exception, and to make a motion to set aside the verdict and award a new trial, presents a preliminary question which must be determined before the questions sought to be raised by the assignments of error which challenge the validity of the judgment rendered by the circuit court may be considered or resolved.

"The general rule, subject to certain limitations and exceptions * * *, is that an appellate court will consider only such questions as were raised and reserved in the lower court. This rule is based upon considerations of practical necessity in the orderly administration of the law and of fairness to the court and the opposite party, and upon the principles underlying the doctrines of waiver and estoppel. Obviously, the ends of justice are served by the avoidance of the delay and expense incident to appeals, reversals, and new trials upon grounds of objection which might have been obviated or corrected

in the trial court if the question had been raised. There would be no assurance of any end to the litigation if new objections could be raised on appeals." 3 Am. Jur., Appeal and Error, Section 246. With respect to the necessity for objections and exceptions concerning errors committed by the trial court in the trial of a case by a jury the text in 1 Michie's Jurisprudence, Appeal and Error, Section 103, contains these statements: "The general rule is that objections not shown to have been made in the trial court cannot be considered in the appellate court. The proceedings of the lower court are presumed to be regular, unless the contrary affirmatively appears upon the record, and objections taken for the first time in the appellate court will not be regarded in any matter of which the court had jurisdiction or which might have been remedied in the trial court if objected to there. If error or supposed error of any sort, except errors in the pleadings appearing on the record, are committed by a court during the trial of a case by a jury, the appellate court will not review such rulings, unless they were objected to and excepted to when made as shown by the record." See also *Bell* v. *Huntington Development and Gas Company*, 106 W. Va. 155, 145 S. E. 165; *Hinton Milling Company* v. *New River Milling Company*, 78 W. Va. 314, 88 S. E. 1079. The usual methods of presenting errors or supposed errors to the trial court are objections, exceptions, and motions to set aside a verdict or a judgment and to award a new trial. The main function of a motion for a new trial is to give the trial court an opportunity to correct errors in the proceedings before it without subjecting the parties to the expense and the inconvenience of prosecuting a proceeding in review. 3 Am. Jur., Appeal and Error, Section 266. As to the propriety of a motion for a new trial this Court used this language in *Gregory's Admr.* v. *Ohio River Railroad Company*, 37 W. Va. 606, 16 S. E. 819: "After a trial is over, it is not simply a matter of fairness to the judge, but one vitally concerning the administration of justice in avoiding error and appeals, and consequent protrac-

tion of litigation, that there should be opportunity to review the points passed upon in the trial. The motion for a new trial affords this opportunity. It is the halting place for review."

In the early case of *State for the use of Price* v. *Phares,* 24 W. Va. 657, this Court said in point 3 of the syllabus that "In a case tried by a jury, no matter how many exceptions are taken to rulings of the court made during the trial, unless a motion is made before the trial-court to set aside the verdict, and that motion is overruled, all such errors saved will by the appellate court be deemed to have been waived." In *Danks* v. *Rodeheaver,* 26 W. Va. 274, this Court held that if errors or supposed errors are committed by a trial court in its rulings during the trial of a case by a jury an appellate court cannot review such rulings unless they were objected to when made, the point saved, and a bill of exceptions taken showing such rulings, and unless a new trial is asked of the trial court and refused and such refusal objected to and noted of record; and that if either of those essentials is omitted the appellate court can not review the rulings of the trial court. Many subsequent decisions of this Court are to the effect that errors not specified on a motion for a new trial or not the subject of a special bill of exceptions will be treated as waived and will not be considered by an appellate court. *State* v. *Thompson,* 26 W. Va. 149; *Kemble* v. *Herndon,* 28 W. Va. 524; *Gregory's Admr.* v. *Ohio River Railroad Company,* 37 W. Va. 606, 16 S. E. 819; *State* v. *Henaghan,* 73 W. Va. 706, 81 S. E. 539; *Ireland* v. *Smith,* 73 W. Va. 755, 81 S. E. 542; *Parr* v. *Howell,* 74 W. Va. 413, 82 S. E. 126; *Bartlett* v. *Bank of Mannington,* 77 W. Va. 329, 87 S. E. 444; *State* v. *Jones,* 77 W. Va. 635, 88 S. E. 45; *Hinton Milling Company* v. *New River Milling Company,* 78 W. Va. 314, 88 S. E. 1079; *Holt* v. *Otis Elevator Company,* 78 W. Va. 785, 90 S. E. 333, LRA 1917A, 1194; *Freeburn, Admr.* v. *Baltimore and Ohio Railroad Company,* 79 W. Va. 789, 91 S. E. 990; *Guyandotte Coal Company* v. *Virginian Electric and Machine Works,* 94 W. Va. 300, 118 S. E. 512; *State* v.

*Marcum,* 94 W. Va. 679, 120 S. E. 75; *Moorefield* v. *Lewis,* 96 W. Va. 112, 123 S. E. 564; *State* v. *Noble,* 96 W. Va. 432, 123 S. E. 237; *Proudfoot* v. *Pocahontas Transportation Company,* 100 W. Va. 733, 132 S. E. 746; *Tredway* v. *New River and Pocahontas Consolidated Coal Company,* 102 W. Va. 135, 135 S. E. 253; *Dransfield* v. *Boone-Armstrong Motor Company,* 102 W. Va. 370, 135 S. E. 286; *Roberts* v. *Lykins,* 102 W. Va. 409, 135 S. E. 388; *Tuggle* v. *Belcher,* 104 W. Va. 178, 139, S. E. 653; *Stewart* v. *Pollack-Forsch Company,* 105 W. Va. 453, 143 S. E. 98; *Graner* v. *Boring,* 105 W. Va. 505, 143 S. E. 232; *Closterman* v. *Lubin,* 113 W. Va. 353, 167 S. E. 871.

The requirement that in the trial by a jury of an action at law a motion for a new trial must be made and refused and the refusal excepted to and noted of record, however, does not apply when the trial court is without jurisdiction of the subject matter involved, *Hall* v. *Wadsworth,* 30 W. Va. 55, 3 S. E. 29; or when a verdict is directed by a trial court, *Breedlove* v. *Galloway,* 109 W. Va. 164, 153 S. E. 298; or in instances in which the errors are of such character as to render the judgment of the lower court void, 3 Am. Jur., Appeal and Error, Section 247. In the *Hall* case a motion in arrest of judgment was made and overruled but there was no motion to set aside the verdict and grant a new trial. A motion for a new trial is also not required in a case tried by a court in lieu of a jury. *Capitol City Supply Company* v. *Beury,* 69 W. Va. 612, 72 S. E. 657; *Fisher, Admr.* v. *Bell,* 65 W. Va. 10, 63 S. E. 620; *Citizens' National Bank* v. *Walton,* 96 Va. 435, 31 S. E. 890.

Section 35, Article 6, Chapter 56, Code, 1931, provides in part that "Any party may avail himself of any error appearing on the record, by which he is prejudiced, without obtaining a formal bill of exceptions, *provided he objects or excepts* * * *to the action of the court complained of,* and provided it is such a matter as can be considered without a formal bill of exceptions." (Emphasis supplied.) This Court has consistently held that in order to

obtain a review of alleged errors in the rulings of a trial court in the trial of a case by a jury objection or exception must be made to such rulings in the trial court. In *Perry* v. *Horn and Carroll*, 22 W. Va. 381, in considering a provision of an earlier statute that "A party may avail himself of any error appearing on the record, by which he is prejudiced, without excepting thereto," it was held that the quoted provision of the statute meant that such party could rely upon any such error without obtaining a formal bill of exceptions if he objects or excepts on the record to the action of the court complained of and it is a matter such as may be considered without a formal bill of exceptions. Point 3 of the syllabus of the *Perry* case is in this language: "If a defendant does not on the record object or except to the judgment of the court in overruling a motion to set aside the judgment entered at the same term of court, the Appellate Court will not review such action of the circuit court." In *Harmon* v. *Spurlock*, 121 W. Va. 633, 5 S. E. 2d 797, the syllabus is that "A writ of error to an order by a trial court awarding a peremptory writ of prohibition, to which no objection or exception has been taken, will be discharged as having been improvidently awarded." The opinion in the *Harmon* case also contains this statement: "In a law action or proceeding, the entry of an order to which no objection or exception has been taken will not ground a writ of error from this court." In the more recent case of *Baker* v. *Gaskins*, 124 W. Va. 69, 19 S. E. 2d 92, this Court held without qualification in point 1 of the syllabus that: "A writ of error to an order of a trial court, to which no objection or exception has been taken, will be discharged as having been improvidently awarded."

The general rule, previously stated, that an appellate court will consider only such questions as are raised and reserved in the lower court is limited to questions which are not jurisdictional in character. It does not apply to jurisdictional questions, and those questions, though not raised in the trial court may be considered and determined for the first time in an appellate court. 3 Am.

Jur., Appeal and Error, Sections 247 and 305. See *Hall v. Wadsworth,* 30 W. Va. 55, 3 S. E. 29; *State ex rel. Fortney Lumber and Hardware Company v. Baltimore and Ohio Railroad Company,* 73 W. Va. 1, 79 S. E. 834. Jurisdictional questions may be considered and resolved by this Court on its own motion on appeal or writ of error. *Blosser v. State Compensation Commissioner,* 132 W. Va. 112, 51 S. E. 2d 71; *Whited v. State Compensation Commissioner,* 131 W. Va. 646, 49 S. E. 2d 838; *Gapp v. Gapp,* 126 W. Va. 874, 30 S. E. 2d 530; *Morris v. Gates,* 124 W. Va. 275, 20 S. E. 2d 118; *Dawson v. Dawson,* 123 W. Va. 380, 15 S. E. 2d 156; *Charleston Apartments Corporation v. Appalachian Electric Power Company,* 118 W. Va. 694, 192 S. E. 294; *Arnold v. Mylius,* 87 W. Va. 727, 105 S. E. 920; *Buskirk v. Ragland,* 65 W. Va. 749, 65 S. E. 101; *Thompson v. Adams,* 60 W. Va. 463, 55 S. E. 668; *Cresap v. Kemble,* 26 W. Va. 603. In order that jurisdictional questions may be considered and determined by this Court in the first instance on appeal or writ of error, however, it is necessary that the case in which they arise is properly brought to this Court by effective appellate procedure. Obviously if the case is not here no question whatsoever, whether jurisdictional or otherwise in character, may be considered or determined by this Court. If an appeal or a writ of error should be awarded upon an application made after the expiration of the period within which such application may be made, such appeal or writ of error must be discharged because improvidently awarded and no question sought to be presented, regardless of its character, can be considered or resolved upon such defective appellate procedure. The same result must necessarily follow if the state of the record made in the trial court is such that it does not supply the basis for the award by this Court of an effective appeal or writ of error.

To obtain a review by this Court of the action of the circuit court in entering the judgment of July 9, 1952, upon the verdict of the jury it was incumbent upon the defendant to object or except to such action by that court.

He was an original party to the proceeding and was present in person and represented by two attorneys during the trial and when the verdict was returned and the final judgment entered, though it should be observed that his present counsel did not represent him in the circuit court. Any objection or exception by the defendant would have enured to the benefit of his sureties, as they are necessarily represented by their principal in the presentation of assignments of error. See *Armstrong* v. *American Bank and Trust Company,* 123 Tex. 252, 70 S. W. 2d 689. It was necessary, however, for the sureties on the appeal bond to act in their own behalf if the defendant, the principal in the bond, should neglect their interest in failing to object or except. Having voluntarily signed the appeal bond, the sureties were by law charged with knowledge that, under the statute which authorized the circuit court to enter judgment against them on the bond, any judgment entered against the defendant, as the principal on the bond, would also be entered against them as his sureties. Though not originally parties to the proceeding they subsequently became parties to the judgment entered against them and the defendant and they occupied that status when by virtue of the statute judgment was rendered on the bond. *Eastland* v. *Jones,* Minor (Ala.) 275; *Sellers* v. *Smith,* 143 Ala. 566, 39 So. 356; *Cline* v. *Mitchell,* 1 Wash. 24, 23 P. 1013. Under the authorities just cited the statement in the opinion of this Court in *Willis* v. *Warth,* 108 W. Va. 517, 151 S. E. 707, to the effect that a surety on an appeal bond given before a justice of the peace is not a party to the case on appeal to a circuit court which, by virtue of a statute, has entered judgment on the appeal against such surety on such bond is disapproved. If the sureties desired a review by this Court of the judgment rendered against them by the circuit court it was incumbent upon them, in the exercise of due diligence, to inform themselves of the course of the proceeding in the circuit court, to appear in person or by counsel and, if their principal failed to interpose objections or

to take exceptions to the action of the court, to object or except to the judgment entered against them by that court.

As neither the defendant nor his sureties objected or excepted to the final order of the circuit court entering judgment against him and them as his sureties on the appeal bond, under Section 35, Article 6, Chapter 56, Code, 1931, and the decisions of this Court in *Baker* v. *Gaskins,* 124 W. Va. 69, 19 S. E. 2d 92; *Harmon* v. *Spurlock,* 121 W. Va. 633, 5 S. E. 2d 797; and *Perry* v. *Horn and Carroll,* 22 W. Va. 381, the questions which the defendant and his sureties seek to present by their assignments of error will not be considered or determined upon the present writ of error, and the writ heretofore granted must be discharged as improvidently. awarded. This action of this Court, however, does not preclude or prevent them from presenting the jurisdictional questions embraced in their assignments of error in a proper proceeding to challenge the jurisdiction of the justice originally, and of the circuit court on appeal, to try the defendant upon a warrant, or the jurisdiction of the circuit court to enter judgment against the defendant and his sureties. If the justice of the peace originally, or the circuit court on appeal, was without jurisdiction to try the defendant upon the warrant, or the circuit court, having jurisdiction of the case, exceeded its legitimate powers in entering the judgment, questions which are not considered upon this writ of error, adequate relief may be obtained by the parties affected in a proceeding in prohibition. The writ of prohibition lies as a matter of right in all cases of usurpation and abuse of power, when the inferior court does not have jurisdiction of the subject matter in controversy, or having such jurisdiction, exceeds its legitimate powers. Section 1, Article 1, Chapter 53, Code, 1931.

For the reasons stated the writ of error heretofore granted is discharged as improvidently awarded.

*Writ of error discharged.*

GIVEN, JUDGE, dissenting:

I am of the view that the record in this case clearly shows the judgment complained of to be void, as being without the jurisdiction of the court, and that this Court, on its own motion, should notice lack of jurisdiction. The majority opinion, as I understand, concedes the judgment to be void. It refuses, however, to adjudicate the question on this writ of error for the reason that no objection was made thereto in the trial court. The bond was given pursuant to Code, 48-8-4. By no interpretation of the statute can it be contended that the court was empowered to enter judgment against the sureties on the bond for a sum greater than the amount thereof, and probably not for a sum greater than the aggregate of accrued support and maintenance payments ordered by the justice of the peace, to the time of the entry of the judgment in the circuit court. Yet the judgment complained of purports to require support and maintenance payments, in monthly sums of forty dollars, to be made by the sureties "until said children severally reach the age of sixteen years * * *."

In the instant proceeding we are not concerned with the general rule pointed out in the majority opinion, " * * * that an appellate court will consider only such questions as were raised and reserved in the lower court * * *", but with the exception to that rule, also pointed out in the majority opinion, that the rule "does not apply to jurisdictional questions, and those questions, though not raised in the trial court may be considered and determined for the first time in an appellate court." See authorities cited in the majority opinion. Yet in the face of this statement and of the numerous authorities cited in support thereof, the Court refuses to "consider and determine" the jurisdictional question, and dismisses the writ of error as having been improvidently awarded, simply because no objection to the question was made in the lower court.

In the majority opinion it is stated: "In order that jurisdictional questions may be considered and determined by this Court in the first instance on appeal or writ of error, however, it is necessary that the case in which they arise is properly brought to this Court by effective appellate procedure." Applied to the instant proceeding, that conclusion can only mean that because of failure of the plaintiff in error to object to the action of the trial court as to some question concerning which a writ of error would lie, including the jurisdictional question, no "effective appellate procedure" exists whereby the jurisdictional question can be reached. I can not agree. It appears to me that the writ of error having been granted, even though the assignments of error relied upon by plaintiff in error can not be considered, this Court is under a duty to notice and consider the absence of jurisdiction of the trial court to enter the order. I can not say that the writ of error was not in fact granted. How can it be dismissed, as having been improvidently awarded, or otherwise, if it is not here? The fact that the Court can not determine the questions assigned as error, or the questions upon which the writ of error was granted, should not relieve it of its duty to consider the clearly apparent jurisdictional question, *ex mero motu*. The Court cites no authority for its conclusion, and I find none. There is, I think, authority to the contrary, in addition to the long line of authorities cited pointing out the duty of an appellate court to consider jurisdictional questions, with or without objections.

In this State there is no question that void judgments may be reached by appellate proceedings. In the opinion in *Hibner* v. *Belcher*, 115 W. Va. 387, 176 S. E. 422, we find this statement: "The courts are not in entire accord on the right of appeal from a void judgment. 3 C. J., subject Appeal and Error, section 123. In this jurisdiction we have followed the majority rule and upheld the right. *McCoy* v. *Allen*, 16 W. Va. 724; *Cook* v. *Dorsey*, 38 W. Va. 196, 18 S. E. 468. We are supported

generally by the writers on appellate procedure. Powell, Appellate Proceedings, pp. 264-5, says that reversal of void judgments upon appeal is 'the better way, as being more direct and positive.' Elliot, Appellate Procedure, section 110, says, 'It is a sacrifice of substance to a barren technicality to hold, as some courts do, that no (appellate) relief can be had against a void judgment.' " See *Simmons* v. *Yoho*, 92 W. Va. 703, 115 S. E. 851; 2 Am. Jur., Appeal and Error, Section 36; 11 M. J., Judgments and Decrees, Section 135. In the case of *Bennett* v. *Bennett*, 135 W. Va. 3, 70 S. E. 2d 894, this Court held: "5. A decree entered in a divorce proceeding where the court does not have jurisdiction of the subject matter is void, and may be attacked collaterally or directly." In *Peoples Bank* v. *Burdett*, 69 W. Va. 369, 372, 71 S. E. 399, this Court stated: "Though a void judgment may be reversed by a writ of error, prohibition lies to prevent execution thereof."

Under the authorities cited above, I can see no chance of doubt that the judgment complained of is void, being without the jurisdiction of the trial court; that such a judgment may be reversed through appellate procedure; and that it is the duty of this Court to notice such jurisdictional defect, whether or not there be other errors in the case and whether or not objection was made to the judgment in the lower court. Inasmuch as courts must necessarily, under our form of government, determine questions involving their own jurisdiction or powers, they are always, and always should be, careful in safeguarding against any abuse or unauthorized exercise or extension thereof, and especially should appellate courts be ever on guard against any improper exercise of jurisdiction or powers. For such reasons courts should not hesitate, but are duty bound, to examine questions of jurisdiction, on their own motions, wherever and whenever such questions appear.

The majority opinion relies heavily upon *Harmon* v. *Spurlock*, 121 W. Va. 633, 5 S. E. 2d 797, and *Baker* v.

*Gaskins,* 124 W. Va. 69, 19 S. E. 2d 92. As to the *Harmon* case, I need only point out that no jurisdictional question was involved. A comparison of that case with the instant one, however, illustrates the position in which this Court now finds itself. In the instant case the majority refuses to consider the jurisdictional question because no objection was made in the lower court. In the *Harmon* case, one in prohibition, which the majority contends controls here, the Court refused to consider the question involved because no objection was made. Applying these holdings to a case where only a question of jurisdiction is involved, the end result is that litigants may, wilfully or through mere oversight, by failing or refusing to object, foist upon a court complete jurisdiction of any subject matter. I need cite no authority in support of the proposition that jurisdiction of a court can not be bestowed upon it even by agreement of litigants.

· I think *Baker* v. *Gaskins, supra,* from which was quoted the point of the syllabus applied in the instant case, demonstrates the course heretofore followed by this Court in such circumstances. As to the question upon which the writ of error was granted, the Court stated: " * * * Defendants' counsel say that the writ was improvidently awarded because there was no objection or exception to the order upon which it is based. In this regard defendants' position is well taken. To the order, plaintiff, in fact, did not object or except, and this Court is committed to the rule that a writ of error to an order of a trial court, to which no objection or exception has been taken, should not be awarded. * * *." Nevertheless, the Court noticed, on its own motion, and determined a jurisdictional question and carried the decision of the point into the syllabus, which reads: "An order of a trial court rendering judgment for costs alone but not adjudicating the merits of a case is not a final judgment, to which a writ of error will lie. Such defect is jurisdictional and should be considered by the appellate court *ex mero motu."*

In *Buskirk* v. *Ragland,* 65 W. Va. 749, 65 S. E. 101, this Court held: "4. A decree upon a bill as to which equity has no jurisdiction, though no exception is taken to such bill, will upon appeal be reversed and the bill dismissed." In the opinion the Court stated: "No exception has been taken to the unwarranted foundation of the suit, either in the court below or upon this appeal. But the consent of parties cannot give jurisdiction. *Ohio River R. Co.* v. *Gibbens,* 35 W. Va. 57. Objection for want of jurisdiction appearing on the face of the bill and proceedings may be made for the first time upon appeal. * * * Besides it is clearly established that, although there has been no demurrer, if the court has no jurisdiction, it will dismiss the bill at the hearing. This Court will, regardless of the want of exception to a bill, dismiss it upon the hearing if the court below had no jurisdiction. *Cresap* v. *Kemble,* 26 W. Va. 603; *Freer* v. *Davis,* 52 W. Va. 1. The error of the court below in taking cognizance of a bill without jurisdiction so to do is a point fairly arising upon the record. Whether the error is assigned or not, our duty is to correct it by consideration and decision. Constitution, Art. VIII, sec. 5; *Eclipse Oil Co.* v. *South Penn Oil Co.,* 47 W. Va. 84." An examination of the record in the *Buskirk* case disclosed that no objection was made or exception taken to any of the rulings of the trial chancellor, so that, in fact, the appeal was considered without an objection or exception appearing anywhere in the record. See *Riley* v. *Pierson,* 107 W. Va. 614, 149 S. E. 832; *Cook* v. *Dorsey,* 38 W. Va. 196, 18 S. E. 468; *McCoy* v. *Allen,* 16 W. Va. 724; *Johnson* v. *Young,* 11 W. Va. 673; *Monroe* v. *Bartlett,* 6 W. Va. 441; 49 C. J. S., Judgments, Section 421.

It appears to me to be an anomaly for this Court, where a writ of error has been granted, even if granted without warrant, where it is clearly apparent from the record before the Court that there exists a jurisdictional question rendering the judgment complained of void, in whole or in part, to dismiss the writ, simply because

there was no objection to the point, when no objection was necessary in the first place. It is true that some extraordinary remedy may be available to the defendant in the instant case, but such a remedy is not available in every case where jurisdiction of a court is involved. Moreover, do we not usually deny the application of any extraordinary remedy where the right of review by appeal or writ of error is available?

Being of the views indicated, I respectfully dissent. I would consider and determine the jurisdictional question, set aside the judgment of the trial court in so far as it is void, and remand the case for the purpose of enforcing the judgment in so far as it is valid.